La. An.
 1    20
48  1524
  1    20
113  908

°                        SUCCESSION OF DE FLECHIER.

Where an administrator fails to give the security required by law, he may be removed on the
petition of any one interested.

On the removal of an administrator the judge may, if it be necessary, appoint a person to
take charge of the effects of the succession until another administrator can be appointed
according to the forms prescribed by law.

APPEAL from the Court of Probates of New Orleans, *Bermudez*, J.  On the 13th of May, *O. De Flechier*, styling himself one of the heirs of the deceased, presented a petition to the Probate Court alleging that *Domingon*, the appellant, had been appointed administrator of the succession, on complying with the requirements of law ; that *Domingon* never complied with such requirements, and never gave the security required by law ; that, about a month before, he was ordered by the Court of Probates to furnish the security required, but that he has neglected or refused to obey the order.   The petitioner prayed that *Domingon* might be removed, and another administrator appointed.   On the 26th of May, *Domingon* excepted to the demand, alleging : 1, That the petitioner was not authorized by law to institute such a demand, and that no cause of action is shown ; 2, That he was never notified of any such order or judgment as-that alluded to by the petitioner, and that said judgment was illegally rendered, no citation having been served on him, nor on any attorney authorized to represent him.   He prayed that the petition might be dismissed.

On the day on which this exception was filed, *Domingon* presented a petition to the Court of Probates, representing that he had administered upon the succession of the deceased, having filed a tableau of distribution which had been homologated, and paid all of its debts and filed his vouchers in support of the same ; that there remains about $700 belonging to the succession, which is still in his hands to be administered upon, to which amount, he alleges, that he is entitled in virtue of a claim which his wife or his children have against the succession.   He avers that he has never been informed that it was necessary for him to give security for his administration ; that he has paid away to the creditors of the succession, by order of the court, all the funds which have come into his possession, except the said sum of $700, for which he is ready to give the security required by law.   He prays that he may be authorized to give the security required by law for that sum, &c.   The judge refused to grant the prayer of the petitioner, " on the ground that it could not be done without prejudice to the action instituted for his removal from office."

On the trial, *Domingon* introduced in evidence a rule taken on the 1st of April preceding, by the petitioner and the tutor of the minor heirs of the deceased, on him, to show cause why he should not, as administrator, give new or additional security, or be dismissed from office.   The sheriff's return on this rule showed, that "after diligent search *Domingon* could not be found."   An attorney appeared for *Domingon* on the trial of the rule.   The rule was made absolute, and three day's allowed to *Domingon* to furnish security.   The record does not show that the order making the rule absolute was ever notified to *Domingon*.   The account rendered by him, the vouchers in support of it, and the inventory of the succession of the deceased, were also offered in evidence by *Domingon*.   The Probate Judge, being satisfied that the allegations of the

petition were fully established, ordered *Domingon* to be dismissed from office, and forthwith appointed *O. De Flechier* administrator in his place. *Domingon* appealed.

*Train*, for the appellant. The judgment below should be reversed. The rule to show cause why security should not be given, taken on the 1st of April, was never personally served on *Domingon*; nor was he ever notified of the judgment making it absolute and ordering security to be given within three days. Code of Practice, arts. 186 to 190, 201, 206. *Brown* v. *Trent*, 12 La. 600. No public notice was given of the application of *O. De Flechier* to be appointed administrator. 18 La. 401. *Succession of Henderson*, 2 Robinson, 391. *Succession of White*, 9 Rob. 353-4.

*J. F. Pepin*, contrâ. The proceedings against *Domingon* were in conformity to law. Code Practice, art. 1018. Civil Code, arts. 1034, 1119, 1125, 1150 Act of 13th March, 1837, §. 7. *O. De Flechier*, who was one of the beneficiary heirs of age, was properly appointed administrator. Civil Code, arts. 1034, 1035. Act of 16th March, 1842, §. 5.

The judgment of the court was delivered by

EUSTIS, C. J. We have examined with care the several points of practice which the counsel for the appellant has submitted to us, and we have come to the conclusion that the proceedings for the removal of the appellant from the office of administrator are correct and legal.

The suit was commenced by one of the beneficiary heirs in the usual form, and in conformity with articles 1017 and 1018 of the Code of Practice, and on the issues made by the appellant's answer, the judge could hardly do otherwise than supersede the appellant.

We cannot notice the petition of appellant filed on the same day with his answer, because the appellee was no party to it.

The appellee was one of the beneficiary heirs of the deceased, and was a person to be preferred by the judge in selecting an administrator in place of the one removed. Civil Code, art. 1035.

On the removal of the administrator it was necessary to appoint some one to take charge of the effects of the succession. The selection made by the judge, we think, a proper one. He appointed the *appellee*, and his appointment can stand, provisionally, until an application be made for the appointment of a regular administrator under the forms required by law, which, in a succession like this, we trust, will not be necessary.

*Judgment affirmed.*