(37 South. 871.)

No. 15,485.

STATE ex rel. GELPI v. KING, Judge.

(Jan. 16, 1905.)

INTERDICT—CURATOR—REMOVAL—APPOINTMENT
OF SUCCESSOR.

1. The district judge, on the removal of a curator of an interdict from his office by judgment of his court, has the power and authority to appoint some one to take care temporarily of the person of the interdict, and do all conservatory acts necessary for the protection of her property, subject to revocation by him of the appointment. The law has not affixed any particular designation to the person so to be appointed. The term "provisional curator" as fitly applies as any other; the powers of the person, rather than his title, being the matter requiring consideration. The judge is required, however, at the instance of the undercurator, to convoke a family meeting to recommend a fit and competent person to appointment as a permanent curator to replace the removed curator.

(Syllabus by the Court.)

Application by the state, on the relation of Paul J. Gelpi, undercurator of Louise H. Lambert, for a writ of mandamus to Frederick D. King, judge. Granted.

Omer Villeré, for relator. Respondent judge, pro se. John Alonzo Woodville, for Harry L. Taylor, provisional curator.

Statement of the Case.

NICHOLLS, J. The allegations upon which the application for mandamus is predicated are as follows:

"That in the matter of the interdiction of Louise Helene Lambert, No. 44,900 of the civil district court for the parish of Orleans, Division B, the Honorable Frederick D. King, the judge of said court, did on the 13th December, 1904, render a judgment dismissing or removing the Honorable Joseph A. Hincks as curator of said interdict, and in the same judgment said judge arbitrarily, and without convoking a family meeting, appointed Harry L. Taylor as provisional curator of said interdict, which judgment was signed by the said judge on the 10th December, 1904.

"That under the laws of this state the said judge had no right or authority to appoint a provisional curator of his own selection to said interdict, but should have ordered the convocation of a family meeting to select and recommend a fit and proper person as curator for said interdict. That the property of said interdict amounts to more than fifty thousand dollars.

"That petitioner, who is the duly qualified undercurator of said interdict, this day presented to the said judge a petition praying for the convocation of a family meeting, to be composed of seven of the nearest relatives of said interdict, or any five of them, to recommend a fit and proper person as the curator of said interdict, but the said judge arbitrarily refused to grant the prayer of said petition, a certified copy of which petition is hereto annexed as part hereof.

"Wherefore petitioner prays that a writ of mandamus issue herein, directed to Frederick D. King, judge of Division B of the civil district court for the parish of Orleans, directing him to convoke a family meeting to be composed of seven of the nearest relatives of said interdict, or any five of them, to recommend a fit and proper person to be appointed a curator of said interdict, or show cause to the contrary within the delay to be fixed by the court, and that in the meantime the said judge be prohibited to issue letters to Harry L. Taylor as provisional curator of said interdict; and petitioner prays for such orders and decrees as the nature of the case may require, and for general relief."

The district judge was ruled to show cause why the writ should not issue, and in the meantime, and until further orders of the court, all the proceedings in the case were ordered to be stayed.

For cause, the district judge answered as follows:

He denied that he had—

"arbitrarily refused to grant the prayer of relator's petition, or arbitrarily did anything, but all his acts were in accordance with his understanding of the law, and the facts as presented to him. He herewith, for further return, annexes hereto and transmits to your honorable court:

"First. The entire record including all the pleadings, evidence, and documents filed in the interdiction of Louise H. Lambert, No. 44,900 on the docket of my court, including the succession records of Lucien L. Lambert and Pierre A. Lambert, offered in evidence, and made part of the interdiction record.

"Second. The written opinion rendered by respondent on Tuesday, December 6, 1904, in support of the judgment removing the curator, Joseph A. Hincks.

"Third. The application made by relator for the family meeting, and the written reasons of respondent for refusing to grant the order, now annexed to said petition, and on file in your honorable court.

"Respondent respectfully submits to your superior judgment the question of law and of fact

shown by the records and submitted to the court."

The district judge filed a supplemental answer, in which, after reiterating and affirming the statements made in his first return, he said that on—

"December 19, 1904, in respondent's court, Joseph A. Hincks, through his counsel, presented a motion or order for a suspensive appeal from judgment rendered on December 13, 1904, whereupon respondent called counsel's attention that judgment was not signed, and motion was withdrawn.

"Respondent makes this supplemental return so that this honorable court may have all the facts before them upon which respondent acted."

### Opinion.

In refusing to convoke a family meeting as prayed for by the undercurator, the district judge used the following language:

"If Mr. J. A. Hincks files in this court his written stipulation waiving his right to appeal from the judgment removing him from the office of curator, and appointing Mr. Henry L. Taylor provisional curator of the interdict, I will at once, on application, sign an order convening a family meeting to recommend a fit and proper person for curator. Unless this is done, the provisional curator must qualify and do all conservatory to care for the person and property of the interdict until the delay for an appeal from said judgment has expired, and said judgment is final and definite. The court understands that a provisional curator must be appointed upon the removal of a curator. This has been done. The application made is for a suitable person to be recommended as a regular curator, with full powers to act, and this cannot be done as long as Mr. J. A. Hincks' right to appeal from said judgment exists. I decline to sign the order prayed for."

Articles 580 and 1059 of the Code of Practice declare that:

"Some judgments are executed provisionally although an appeal has been taken from the same within the delay prescribed and the necessary bond surely given." Code Prac. art. 580.

"When an appeal is made from a judgment appointing or removing a tutor or curator of a minor interdicted or absent person * * * such appeal shall not suspend the execution of the judgment but it shall have effect provisionally until the appeal be decided." Code Prac. art. 1059.

It is conceded by all parties that the judgment of the district court removing the curator could not be suspensively appealed from,

but it is also conceded that it can be appealed from devolutively within one year (the time fixed for such appeals). The district court was evidently of the opinion that pending that delay the judgment could only be executed provisionally; that is to say, that the powers of the person who should in the meantime replace the destituted curator would have to be limited to performing conservatory acts, and should not extend to acts conferred by law upon regularly appointed curators; that the provisional execution of the judgment would necessarily have to be accomplished through a provisional curator, the appointment of whom would be vested in the district judge. In support of this right to the appointment of a provisional curator with limited powers, we are referred to the Succession of De Flechier, 1 La. Ann. 20; In re the Minor Fortier, 31 La. Ann. 50; In re State v. Judge, 5 La. Ann. 518; Succession of Townsend, 37 La. Ann. 409; Succession of Bedford, 38 La. Ann. 244; Pitcher v. His Creditors, 40 La. Ann. 782, 6 South. 98; Civ. Code, art. 1047.

It is urged that proceeding at once, and as matters stand, to the appointment of a regular curator, would lead to unnecessary costs, attorney's fees, etc., as the judgment of removal might be ultimately set aside, and also that it would be inconsistent to have two regular curators at one and the same time, as would be the case if a regular curator should be appointed now.

Relator invokes, in behalf of the position for which he contends, Fisk v. Fisk, 2 La. Ann. 76; Succession of Gassen v. Palfrey, 9 La. Ann. 560; Monget v. Tessier, 5 La. Ann. 165; Civ. Code, arts. 303, 1838; Code Prac. arts. 409, 410, 955 et seq., 962.

We are of the opinion that, upon the rendering of the judgment of removal, Hincks ceased ipso facto to be the curator of the interdict, subject to his right to reinstatement should the judgment of removal thereafter be reversed. The claim advanced by

the relator (the undercurator of the interdict) that the person and property of the interdict should remain in the removed curator until another curator is legally appointed, inasmuch as it is not contended that the administration of that curator had been dishonest, or that his treatment of the interdict has been cruel, is not legally sustainable. We are not authorized in the present proceeding to examine into and pass upon the proceeding in the suit for the removal of the curator. We are for the present bound to assume that they were regular, and that the judgment of removal was justified by the law and the facts. As the law requires that that judgment should be at once executed, it is obvious that its requirements would not be carried out if matters were permitted to remain in statu quo for a year, or until a new permanent curator should have been appointed and qualified.

As some time might elapse before such appointment could be made, and as the interests of the interdict might suffer, should she be left without any one authorized to take care of her person and property in the meantime, the district judge had the power and authority to appoint some one to do so temporarily under limited powers. The law has not affixed any particular designation to the person so to be appointed, but the powers of that person, rather than his title, is the matter requiring consideration. The term "provisional curator" as fitly describes the situation as any other. The person so appointed would hold his position subject to revocation by the district judge, and the latter would be called upon to see that he kept within his limited powers while holding the position. We see no legal objection in this particular case to the district judge having appointed such a person temporarily. Suc-

cession of Clark, 30 La. Ann. 806. He was in error, however, in assuming that he had the legal right to hold the matter of the appointment of a regular curator in abeyance until the year for a devolutive appeal should have expired. The words "provisionally executed," employed in articles 580 and 1159 of the Code of Practice, are to be taken as meaning that the judgment should be executed temporarily previously to and notwithstanding an appeal. Civ. Code, art. 1160. It is obvious that during the year for appeal interests of the interdict might arise, which would require, in the person appointed to take care of her person and property, powers much more extensive than those confided to a provisional curator, and that there should be some one selected and placed in position as soon as possible to safeguard such interests.

We are of the opinion that the district judge erred in refusing to convoke a family meeting for the purpose of recommending to the court a fit and suitable person to be appointed curator of the interdict, in lieu and place of the removed curator, when requested so to do by the relator, the undercurator of the said interdict.

For the reasons herein assigned, it is hereby ordered that a writ of mandamus issue to Frederick D. King, judge of the civil district court for the parish of Orleans, Division B, commanding him to forthwith convoke according to law a family meeting in behalf of the interdict, Louise H. Lambert, for the purpose of recommending to the court a fit and suitable person as curator of said interdict.

It is further ordered that the stay of proceedings herein before granted by this court in its order of the 20th of December, 1904, be, and the same is hereby, revoked.