BRUNOT, J.
 

 This case presents but one question:
 

 Has the nearest surviving relative of an interdict the right, as a matter of law, to be preferred as curator of the person and estate of the interdict?
 

 The district judge decided the question adversely to the plaintiff’s contention, and she-appealed.
 

 There is but one legal curatorship— that of the husband to his demented wife. All other curatorships are dative. Counsel for appellant contends that under article 962, Code of Practice, the rules governing tutorship apply to the curatorship of interdicts. This is true in so far as it relates to the handling of an interdict’s estate or the care. of' the intei’diet’s person, but it has no application in the selection and appointment of curators. Except in the case of the husband to the wife, the sole authority for the appointment of a curator is upon the advice of a family meeting. There is no conflict between the Code of Practice and the Civil Code. The latter provides the method by which curators;
 
 *862
 
 must be'appointed, and the Code of Practice provides that the person and estate of an interdict shall be administered in the same way tutors of minors shall act for their wards. The Bothic Gases are not exactly in point, but State ex rel. Gelpi v. King, 113 La. 905, 37 So. 871, holds that the appointment shall be made upon the advice of a family meeting.
 

 The appellant seeks to annul a judgment appointing, on the advice of a family meeting, a curator to an interdict, on the sole ground that appellant is entitled, as a matter of law, by reason of her relationship to the interdict, to the appointment. We have seen that she has no such right, and the judgment is therefore affirmed, at appellant’s cost.