## No. 9900.

### PFARR & KULLMAN ET AL. VS. STEPHEN BELMONT.

A nuncupative will under private signature need not be shown to have been *dictated* by the testator, when written out of the presence of the witnesses.

The affirmative answer of a testator to a question: Whether the paper contains his last will? amounts to the presentation prescribed by law. The presentation need not be manual, or more formally made.

Witnesses who declare that they saw the testator sign the paper purporting to be his will, and that they themselves signed it; and who further declare that they recognize their signatures to the same instrument, virtually testify that they recognize the signature of the testator to it.

The law which provides for the drawing up of a *proces verbal* of probate of a will, is not mandatory, but merely directory. Apparent deficiency in its recitals cannot have the effect to vitiate the probate, but may be supplied by legal presumption or by additional proof in a suit contesting the will.

The appointment of a dative executor on the filing of a petition for the same and before any advertisement and expiration of the delay for opposition, is unwarranted. It can be made only *after* publication and in the absence of opposition.

An order of sale obtained by a dative executor thus appointed, is procured by one having no authority to ask it and must be rescinded.

A plaintiff must make his case legally certain. It is not sufficient to make it morally probable.

The Court does not pass on the capacity of plaintiffs to sue at the present stage for recovery of debts due the succession.

The contingent appointment of a dative executor, on the condition that public notices shall be given and that it be not opposed, is of no avail, where, after the advertisements have been published, though the application has not been opposed, the appointment is not confirmed by a subsequent formal decree conferring it on the petitioner.

APPEAL from the Seventeenth District Court, Parish of East Baton Rouge. *Burgess,* J.

*G. W. Buckner, C. D. Favrot* and *K. A. Cross* for Plaintiffs and Appellants.

*T. B. Dupree* and *Read & Goodale* for Defendant and Appellee.

The opinion of the Court was delivered by

BERMUDEZ, C. J.    The plaintiffs sue as legal heirs of Elizabeth Pfarr, Widow Bahr.

In that capacity they ask the nullity of what is claimed to be her last will, and, eventually, the nullity of the appointment of a dative executor.

They also urge the illegality of an order of sale to pay debts and an indebtedness of the defendant to the succession.

Concluding, they pray that he be ordered to render an account and held liable for his indebtedness and for amounts and effects not inventoried by him.

The defendant maintains the validity of the will and its probate; that of his appointment and of the order of sale, and denies any liability.

The court rejected the demand for the nullity of the will, of the probate proceedings, of the appointment of the succession representative, of the order of sale dissolving an injunction issued to arrest the sale, and non-suits the plaintiffs as to other claims.

From this judgment the plaintiffs appeal.    The defendant answers, praying for damages for a frivolous appeal.

I.

The plaintiffs charge that the will, which is in the nuncupative form, under private signature, is null, because it was not *dictated* and *presented* by the testatrix as the law requires.

The evidence satisfies us that the document was written out of the presence of the witnesses, under the direction of the testatrix, by her counsel; that after the five witnesses required by law had assembled in her room, she handed the paper to one of them who inquired of her what it was, and that she answered that it was her last will; that this witness then read it to her in the presence of the other witnesses, and that, after the reading, being asked whether what had been read was her last will, she answered in the affirmative; that she then signed the will, and after her the five witnesses.

There is no evidence that the will was *dictated* by the testatrix.

None was necessary, as it was written out of the presence of the witnesses.

The ruling to which counsel for plaintiffs refer in Bordelon vs. Baron, 11 Ann. 678, to the contrary, requiring proof of the dictation by the testator, whether the will be made in the presence or in the absence of the witnesses, has been formally overruled in several instances. Pendergast case, 16 Ann. 219; Succession of Marigny, Ib. 267; Wood vs. Roane, 35 Ann. 865.

The same may be now said of the ruling in Caleb vs. Douglas, 16 Ann. 327, in so far as it may be considered as requiring *dictation*, when the will is written *out* of the presence of the witnesses, and as holding that the affirmative answer of a testator, to the question whether the document contains his will, does not constitute the presentation required by law.

In Wood vs. Roane, 35 Ann. 865, and Bourke vs. Wilson, 38 Ann. 328, this Court has distinctly ruled, not only that the presentation need not be manual, but that the acknowledgment of the testator that the paper contains his last will, implies the presentation provided by law, even when that acknowledgment is in response to a question.

The charge that the testatrix was mentally disabled is not established, while the reverse is shown by unquestionable testimony.

There was no justification to make the other charge that the will was obtained by undue influence.

II.

The plaintiffs further complain that the probate was *ex parte ;* that the decree was made in chambers on the *affidavit* of witnesses; that the evidence is insufficient; that the will was not read by the judge to the witnesses; that the *proces verbal* of probate is irregular and void.

(*a*) The law does not require, absolutely, that the proceeding to probate a will be contradictorily carried on. The provision is merely directory. The fact is that generally the proceeding takes place *ex parte*.

The Code directs, it is true, that notice be given to the heirs present, but it does not say that, unless such notice be given, the probate shall not take place. The reason for this is quite plain. There may be urgency for the probate of the will that the executor be at once recognized and placed in possession of the estate for its protection. Besides, the heirs may not be easily reached by the process of the court.

In any event, where the proceeding is carried on *ex parte* and the will is ordered to be executed, by its very nature the decree concludes

no one, and the will, if objectionable, can be attacked subsequently by any party interested and its nullity demanded and obtained for a proper cause.

In the present instance, it does not, however, appear that the heirs of the deceased were present and could have been notified. The law does not exact impossibilities.

(*b*) It is not essential that the testimony of witnesses called to prove a will be taken down separately. It is sufficient that the substance of their evidence, where it is concordant, be reduced to writing and be sworn to by them. This testimony is generally heard by the judge directly, but it sometimes happens that circumstances occur requiring that it be procured under commission as where the witnesses reside beyond the jurisdiction of the court, or are, for some other cause, unable to attend.

On the question of the sufficiency of the proof adduced, we are satisfied that the witnesses have established facts showing that the will was presented by the testatrix; that it was read by one of them to her; that it was signed by her and them; that they recognize and identify the testament, and that they recognize their signatures and that of the testatrix.

The objection cannot hold that it is not shown that the witnesses have recognized the signature of Mrs. Bahr to the document purporting to be her last will.

As well in the statement at foot of that instrument, as in the *affidavit* containing the declarations which they made shortly afterwards, on the occasion of the probate of the will, as in the testimony which they subsequently gave during the trial of this controversy, the witnesses have declared that they recognize their signatures to the document.

If they saw Mrs. Bahr sign the paper to which they have affixed their own signatures, and if they recognize their signatures to it, they evidently thereby identify the instrument as that signed by Mrs. Bahr and so recognize her signature thereto.

The charge is *not* that Mrs. Bahr did not sign, but that it is not *proved* that the witnesses recognized her signature.

Had we any doubt on this important fact, we would certainly leave a door open for new proof.

(*c*) In relation to the objection that it does not appear that the judge read the will to the witnesses, it suffices to say that the *proces verbal* recites that he read it in an audible voice.

The presumption is that the judge did his duty and read the will to the witnesses and others, if any, present.

The law does not demand such reading to the witnesses as a condition *sine qua non*, for the fulfilment of that ceremony would be an impossibility in those cases, in which the testimony is procured under commission of witnesses residing beyond the jurisdiction of the court, or who are confined by infirmity to their quarters.

(*d*) The *proces verbal* gives the name and surnames of the witnesses who testified, two in full and two with double initials, preceding the surnames.

The same witnesses who signed the *affidavit* so termed were heard on the trial, and their identity with those who signed the will is not contested. The law was substantially complied with.

(*e*) It is true that the *proces verbal* might have better been drawn up, under the provisions of Art. R. C. C. 1649 and C. P. 942; but because it was inartistically prepared, it does not follow that the probate proceeding is a nullity, or that the will is affected by it.

### III.

The next ground of complaint is, that the defendant was illegally appointed dative executor.

It appears that the district judge made the appointment on presentation of the petition for the same, contingent on public advertisement and of absence or dismissal of any opposition.

The law requires, as conditions precedent for the appointment of succession representatives, that due notices of the application be *first* given by advertisement in the public papers, and *next* that it be not opposed, and if opposed, that the opposition be dismissed.

In an early case which has since been followed, in which the court had appointed a dative executor, without compliance with those requirements, the then Supreme Court held the appointment to be null, saying that the notice of an application for the appointment of a dative executor must be given in all cases in the same manner as is prescribed for curators or administrators of estates. See case of Girod's Heirs, 18 L. 394; see also Succession of Henderson, 2 R. 391; Succession of Talbert, 16 Ann. 231; 5 N. S. 506; Succession of Gusman, 35 Ann. 405. Those rulings are based on the texts of the law. R. C. C. 1107, 1045, 1115; 1107 C. P. 967, 971.

In relation to the oath taken and the bond furnished by the defendant, it suffices to say that, as the order appointing him is set aside, whatever was done in furtherance of it falls with it.

### IV.

From the conclusion just reached, it follows that the petition pre-
sented for the sale to pay debts, emanating from ' one who had no offi-
cial character to provoke the sale and the order on it, were unauthor-
ized and must be rescinded.

### V.

Conceding that the plaintiffs have a right to represent the succession
without having been put in possession of its assets, and to claim pay-
ments of debts due to it, (on which we express, however, no opinion)
they have not adduced sufficient proof to recover of defendant in this
action.

We think the district judge properly non-suited them.

Appellees' prayer for damages is frivolous and cannot be allowed.

It is therefore adjudged and decreed that the judgment appealed
from be affirmed, so far as it maintains the validity of the will of the
deceased, and the sufficiency of the evidence to probate it, and *non-
suits* the plaintiffs; but in other regards that it be and is reversed; and,

It is now ordered and adjudged that the order for the sale of the
succession property be set aside, and the petition for same be dis-
missed, and that the injunction issued to prevent the sale be reinstated
and perpetuated, the defendant and appellee to pay costs in both
courts.

---

### On Application for Rehearing.

The application charges that the judgment rendered is erroneous in
this: *that* there is evidence in the record that the petition for appoint-
ment was followed by advertisements and that it was not opposed, and
*further*, that the petitioner's rights should at least be reserved.

It is true that the conditional or contingent order by which the de-
fendant claims to have been appointed dative executor, was followed
by notices in a newspaper, and that it does not appear that any oppo-
sition was made to the appointment solicited; but what is there to
show that after the advertisements had been made and after the delay
for opposing had elapsed without any opposition being filed, any order
was rendered appointing the applicant dative executor?

The fact is that such second order which is essentially a condition
precedent for the qualification of the petitioner was never rendered.

The absence of such formal order forbids the petitioner, defendant
herein, from claiming to be the dative executor of the will of the

deceased. Succession of Picard, 33 Ann. 1137; Succession of Gusman, 35 Ann. 405-8.

It does not, however, follow that the petition for the appointment avails nothing to the applicant. That petition remains, though the order thereon, prematurely appointing the petitioner dative executor, has been annulled. It stands as a filed application, and the petitioner is entitled to further proceedings on it. The case must be viewed as one in which no appointment has as yet been made.

## II.

We deem it unnecessary to answer specially the inquiry whether, had a sale taken place under the order of sale, it would not have been valid.

No sale has taken place, as the order of sale was arrested by injunction, as already said, the order falls for want of one qualified to formulate a demand for it.

Rehearing refused.