LAND, J.
This is a suit to annul a will in nuncupative form by public act. The district judge held that the will was void as a testament by public act, because it was not written by the notary as it was dictated; that officer, having added a modification to the dispositions as dictated by the testatrix.
The district judge, however, held that the will was valid as a nuncupative testament by private act, under the second paragraph of article 1581 of the Civil Code. His ruling was in accordance with the decisions of this court in the Prendergast Case, 16 La. Ann. 219, TO Am. Dec. 575, which was reaffirmed in Succession of Morales, 16 La. Ann. 267. In both of these cases it was held that when a testator caused a will to be written in the presence of the attesting witnesses, and presented the instrument to them declaring it contained his last will, it was a full compliance with the second paragraph of article 1574 (now 1581) of the Civil Code. In the Prendergast Case, the court said:
“A will cannot be annulled on the ground that all the formalities were carried on in the presence of the witnesses.”
These decisions have never been overruled, and we think that the rule of stare decisis should be applied.
The case of Bordelon v. Baron, 11 La. Ann. 676, holding that the term “caused to be written” means that the testator must have dictated the words reduced to writing by another, was expressly overruled.
In Wood v. Roane, 35 La. Ann. 867, the court held that proof of dictation was immaterial and unnecessary, where it appeared that the will was caused to be written by the testator and drawn up by his direction. Civ. Code, arts. 1648,1649. The court further said:
“Under articles 1581, 15S2, the testator must either dictate, or, in the absence of dictation, present, the instrument which he has caused to be written, and declare that it contains his last intentions. Such presentation and declaration admit, supply, or dispense with a formal dictation.”
The opinion in that case cites the Prendergast and Morales Cases with approval,, and shows that in McCaleb v. Douglass, 16 La. Ann. 327, there is no contrary doctrine announced.
In Rourke v. Wilson, 38 La. Ann. 320, the will was written at the request of the testator, and the amanuensis was finishing it when the five witnesses entered the room. In Pfarr & Kullman v. Belmont, 39 La. Ann. 294, 1 South. 681, it was said that a nuncupative will under private signature need not be shown to have been dictated by the testator, when written out of the presence of the witnesses.
Hence the doctrine that dictation is essential to the validity of such a will, when “caused to be written,” has been overruled again and again.
The question in this ease is whether a testator may cause his will to be written in. the presence of the witnesses. As “presentation” dispenses with formal dictation, there is no good reason why a will written immediately before the arrival of the witnesses should be valid, and a will written in their presence should be void. The presence of' the witnesses should be considered as a safeguard, rather than an objection.
*66 In probating a nuncupative will by private act, proof of dictation is not required. It suffices to prove that the will was written in the presence of the witnesses “by the testator himself or by another person by his direction.” Civ. Code, art. 1049.
AVhether dictated or not is immaterial, if the instrument is properly presented.
AVe see no reason to reopen a technical controversy, which was settled 44 years ago by two decisions of this court.
The will in question was executed before a notary and four witnesses. The recitals of the act and the testimony of the notary and two of the witnesses show that the will was read to the testatrix and that she approved the same. The testimony of the notary is clear and unambiguous that the testatrix dictated all of the dispositions of the testament save the following words: “Or so much of my said estate as the law will allow me to give unto him” — which were added by the notary, who knew that the testatrix had a mother, who was entitled to one-third of the estate. The notary further testified that all the dispositions of the will were read to the testatrix as they were written, and the will, when finished, was read in full to the testatrix, and that the testatrix, when asked if that was the way she wanted the will drawn, and if she persisted in the instrument as her last will and testament, answered, “Yes; yes.”
The witness Faesel, for plaintiffs, fully corroborated the testimony of the notary as to the answers of the testatrix. Faesel, however, does not remember any dictation by the testatrix, but testified that the will was written after the arrival of the witnesses.
Dr. Morgan, another witness for plaintiffs, testified that when he entered the room, the notary was writing at a table, and, after writing for some time, read over the document, and asked the testatrix, “Is that what you wish?” and she answered, “Yes.” It might be inferred from the testimony of these two witnesses that the testatrix gave • her instructions to the notary before the witnesses entered the room. But the notary testifies to the contrary, and he is supported by the recitals of the act and the testimony of two other persons, one of whom was a witness to the will, that the testatrix declared her testamentary intentions in the presence of all the witnesses. But, in our view of the law governing this case, it is immaterial whether the instructions of the testatrix to the notary were given before or after the arrival of the witnesses, as the evidence suffices to show that the testatrix declared in the presence of the witnesses that the instrument was her last will and testament. This was a sufficient presentation and declaration. See Pfarr & Kullman v. Belmont, 39 La. Ann. 294, 1 South. 681, where the authorities are reviewed.
The allegations of the petition that the testatrix was mentally and physically incapable of making a will were passed over by the district judge without notice. AVe note them only to say that they are not sustained by the evidence.
The judgment sustained the validity of the will, but recognized the right of the mother of testatrix to one-third of the estate.
Judgment affirmed.