(65 South. 319)

No. 19903.

Succession of GUIDRY.

(April 27, 1914. Rehearing Denied May 25, 1914.)

*(Syllabus by the Court.)*

1. WILLS (§ 136*)—VALIDITY—FORM.

It suffices, for the validity of a nuncupative testament, that it be valid under any one of the forms prescribed by law, however defective it may be in the form under which the testator may have intended to make it. C. C. art. 1590; Graves v. Graves, 10 La. Ann. 212.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 347, 349; Dec. Dig. § 136.*]

2. WILLS (§ 149*)—VALIDITY.

An instrument, although invalid as a nuncupative will by public act, may be good as a nuncupative testament under private signature. Verdun v. Verdun, 15 La. 28; Graves v. Graves, 10 La. Ann. 212.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 358–366; Dec. Dig. § 149.*]

3. WILLS (§ 149*)—REQUISITES—PROOF ALIUNDE.

All the requisites of such a will are specified in the articles 1581 and 1582 of the Civil Code; but express mention of the fulfillment of these requisites is not demanded, as in the case of a will by authentic act; proof aliunde may be received. Falkner v. Friend, 1 Rob. 48; Sophie v. Duplessis, 2 La. Ann. 724; Vernon v. Vernon, 6 La. Ann. 242; Graves v. Graves, 10 La. Ann. 212.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 358–366; Dec. Dig. § 149.*]

4. WILLS (§ 149*) — PRESENTATION — SUFFICIENCY.

The presentation of a will under private signature need not be a manual presentation; the acknowledgment of the testator that the paper contains his last will implies the presentation provided by law, even when that acknowledgment is in response to a question. Pfarr v. Belmont, 39 La. Ann. 294, 1 South. 681; Succession of Reems, 115 La. 102, 38 South. 930.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 358–366; Dec. Dig. § 149.*]

5. WILLS (§ 149*)—VALIDITY—WITNESSES.

A nuncupative will by private act is not null for the reason that all the formalities were carried on in the presence of the witnesses. Prendergast v. Prendergast, 16 La. Ann. 219, 79 Am. Dec. 575; Succession of Morales, 16 La. Ann. 267; Frith v. Pearce, 105 La. 186, 29 South. 809; Succession of Reems, 115 La. 102, 38 South. 930.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 358–366; Dec. Dig. § 149.*]

Provosty, J., dissenting.

Appeal from the Twentieth Judicial District Court, Parish of Terrebonne; W. F. Martin, Judge.

Succession of Pierre Guidry. The will being admitted to probate and attacked by certain heirs, the executor and Wilfred Guidry answered. From judgment for defendants declaring the will good, plaintiffs appeal. Affirmed.

Butler & Bourg, of Houma, and Beattie & Beattie, of Thibodaux, for appellants. A. B. Booth, Jr., of New Orleans, for appellant E. A. Robichaux. Hugh H. Suthon, of New Orleans, for appellee.

SOMMERVILLE, J. [1] Pierre Guidry left what purported to be a nuncupative will by public act, wherein he gave to his son Wilfred the disposable portion; and left the balance of his estate to his forced heirs. The will was admitted to probate, and ordered executed. The forced heirs, other than Wilfred, attacked the will as being null and void, for the reason that the requirements of the law had not been followed in its confection. The executor and Wilfred Guidry answered, denying the allegations of plaintiffs, and asked, if the will be found to be irregular and insufficient as a nuncupative will by public act, that it be declared valid as a nuncupative testament under private signature. There was judgment in favor of defendants, declaring the will to be good as a nuncupative testament under private signature. Plaintiffs have appealed.

"It suffices, for the validity of a testament, that it be valid under any one of the forms prescribed by law, however defective it may be in the form under which the testator may have intended to make it." C. C. 1590.

[4] We hold in Wood v. Roane, 35 La. Ann. 865, Bourke v. Wilson, 38 La. Ann. 320, and Pfarr & Kulman v. Belmont, 39 La. Ann. 294, 1 South. 681, that the presentation of a nuncupative testament by private act need not be manual, but that the acknowledgment of the testator that the paper contains his last will implies the presentation provided for by law, even where that acknowledgment is in response to a question. The objection of plaintiffs therefore that the will of Mr. Guidry was not formally presented by him to the witnesses must fail.

[2, 3] The law with reference to the making of a nuncupative testament under private signature is found in article 1581 of the Civil Code, which provides that:

It "must be written by the testator himself or by any other person, from his dictation; or even by one of the witnesses, in presence of five witnesses residing in the place where the will is received, or of seven witnesses residing out of that place.

"Or it will suffice if, in the presence of the same number of witnesses, the testator presents the paper, on which he has written his testament, or caused it to be written out of their presence, declaring to them that that paper contains his last will."

[5] And, plaintiffs argue that, inasmuch as the testament of Mr. Guidry was written by one of the witnesses in the presence of the other witnesses, it is null and void for noncompliance with that provision of the law which says that:

"It will suffice if, in the presence of the same number of witnesses, the testator presents the paper, on which he has written his testament, or caused it to be written out of their presence," etc.

In other words, that having caused his testament to be written in the presence, instead of out of the presence of the witnesses, the will is null and void for irregularity.

The same point was made against the will

of Thomas Prendergast, which will was held to be valid in the year 1861, although the testament had been written in the presence of the witnesses. Prendergast v. Prendergast, 16 La. Ann. 219, 79 Am. Dec. 575. With reference to that testament we say:

"A will cannot be annulled on the ground that all the formalities were carried on in the presence of the witnesses. If it will suffice to comply with some formality in their absence, a fortiori in their presence. The attendance of witnesses is intended as a sanction to the proceedings, and cannot invalidate them in any contingency. Civil Code, 1642 (1649)."

This decision was specially affirmed in the Succession of Morales, 16 La. Ann. 267. The decisions in 16 La. Ann. were rendered by a divided court; the Chief Justice dissenting from the majority opinions. But they, the decisions, were referred to and approved by a unanimous court in Wood v. Roane, 35 La. Ann. 865. We there say:

"It is sufficient that it does appear unmistakably that it was caused to be written by the testator, and that it was drawn up by his direction, to put its validity in that respect beyond discussion or doubt. R. C. C. arts. 1648, 1649.

"Under articles 1581, 1582, the testator must either dictate, or, in the absence of dictation, present the instrument which he has caused to be written, and declare that it contains his last intentions. Such presentation and declaration admit, supply, or dispense with a formal dictation.

"The decision in the Bordelon Case, 11 La. Ann. 676, invoked by the plaintiffs, was subsequently overruled, both in the Prendergast and Morales Cases, found in [Prendergast v. Prendergast] 16 La. Ann. 219, 79 Am. Dec. 575, and [Succession of Morales, 16 La. Ann.] 267."

We then proceed to quote from the Morales Case, with reference to the will having been written in the presence of the witnesses, although that point was not specially involved in the case of Wood v. Roane.

Again, in Frith v. Pearce, 105 La. 186, 29 South. 809, the evidence showed that the will under private signature of Mrs. Frith was written by one of the witnesses, at her dictation, in the presence of all of the witnesses; and it was held to be a valid will by a unanimous court, although the point does not appear to have been made in that case that it was invalid because written in the presence of the witnesses. But, we there state the law to be:

"The only formality that the law prescribes for the confection of a nuncupative testament under private signature is that it be written by the testator himself, or by any person from his dictation, or even by one of the witnesses, in the presence of five witnesses. 'Or it will suffice if, in the presence of the same number of witnesses, the testator presents the paper on which he has written his testament, or caused it to be written, declaring to them that that paper contains his last will.' Revised Civil Code, 1581."

The court again passed upon this point in Succession of Reems, 115 La. 102, 38 South. 930, which case was disposed of after referring to the cases before decided which involved the same point, by saying:

"These decisions have never been overruled, and we think that the rule of stare decisis should be applied. * * * We see no reason to reopen a technical controversy, which was settled 44 years ago by two decisions of this court."

The rulings are adhered to.

The will of Mr. Guidry was received before a notary and five witnesses. The recitals of the act and the testimony of the notary and one of the witnesses show that the will was read in both English and French to the testator, and that he approved the same. The testimony of the notary is that the deceased dictated all of the dispositions of the testament, and that in answer to questions the testator declared that the same was his will, and that he persisted in it.

Judgment affirmed.

PROVOSTY, J., dissents.