140 So. 476

Succession of SEALS.

No. 31486.

Feb. 29, 1932.

Delvaille H. Theard and Frederick G. Veith, both of New Orleans, for appellants.

James N. Brittingham, Jr., of New Orleans, for appellee.

ROGERS, J.

Catherine Seals, or Jenkins, known locally as "Mother Catherine," an illiterate negro woman, established a religious cult in the city of New Orleans called "The Truth and the Light." She died on August 11, 1930, leaving a piece of real estate, in which she had conducted religious services and ceremonies, and some movable effects.

The public administrator for the parish of Orleans opened her succession as a vacant estate. In the course of the proceedings a document purporting to be the last will and testament of the decedent in nuncupative form by private act was presented to the court for probate by certain members of the decedent's religious cult. The judge of the district court fixed a time for the probate of the alleged will and ordered that notice thereof be given to the public administrator and to the attorney for absent heirs. On the day and hour fixed, the attorney for the applicants propounded the document to the court as the last will and testament of the decedent, and moved that it be probated. The motion was objected to by the attorneys for the public administrator and absent heirs, on the specific ground that on its face the document shows it is not a will. The objection was sustained by the trial judge, who entered an order on proponents' petition refusing to probate the document. From this order the proponents have appealed.

The record does not disclose the grounds of objection urged against the probate of the alleged testament nor the reasons why the trial judge considered that the document is not a valid will. Before this court, however, opponents argue that the document is not a will, because (1) it does not show a testamentary intent or disposition, and (2) it is not signed as required by law.

The document, which is quite lengthy, is signed by six witnesses, three at the top and three at the bottom. In the top left-hand corner appears the name of the decedent accompanied by a cross-mark.

Although the document contains much irrelevant matter, its language indicates that the decedent intended to make a will. She designates it as such, sets forth why she thought she ought to make a will and attempts a disposition of her property effective after her death. But we are not called upon in this proceeding to analyse the provisions of the instrument and to ascertain the intention of the decedent as therein expressed. The court below refused to permit the proponents to prove that the document was executed according to the legal requirements for a nuncupative will by private act. Until such proof is made, it would be a waste of time to attempt its interpretation.

Opponents contend that the writing is void as a will because it is not signed at the end by the testator and the requisite number of witnesses. However, the authorities cited in support of their contention that testamentary writing is void unless the testator affixes his signature deal entirely with olographic wills.

Proponents contend that the document which they propound meets all the requirements for a nuncupative will by private act. That the only requisites for the validity of such a will are prescribed in articles 1581 and 1582 of the Civil Code, and that express mention of the fulfillment of these requisites is not demanded as in the case of a will by authentic act; proof aliunde may be received. Succession of Guidry, 135 La. 314, 65 So. 319.

They contend that since the decedent did not know how to write or sign, as set forth in their petition for the probate of her will, she was not called upon to make her

mark, there being no requirement that an illiterate testator should affix his mark to his nuncupative will by private act. The contention appears to be well founded.

Article 1582 of the Civil Code requires that a nuncupative will by private act be signed by the witnesses or at least two of them, in case the others know not how to sign, and that those of the witnesses who do not know how to sign must affix their mark. The codal article also provides that the testament must be signed by the testator, if he know how or is able to sign, but unlike the case of an illiterate witness, it does not provide that in case he is unable or knows not how to sign he must affix his mark. The article finally declares that the testament is subject to no other formality than those prescribed by it and the preceding article.

Mr. Cross, in his work on Successions at page 192, section 123, commenting upon the requirements for a nuncupative testament by private act, expresses this view. He says, "The will is to be signed by the testator, if he knows how or is able to sign. * * * There is no express requirement that he (the testator) shall make his mark, as is required for the witnesses, and the general rule is, la loi valide ce qu'elle n'annulle pas. * * *"

And in Frith v. Pearce, 105 La. 186, 29 So. 809, this court held to be valid as a nuncupative will by private act an instrument executed as a nuncupative will by public act to which the name of the testatrix was affixed by her son per his own name; the court counting as witnesses the testatrix's son, who signed as acting for her, and the notary who executed the instrument.

Proponents contend that they are prepared to show that five of the witnesses signed at one and the same time when the decedent presented the document to them as her will. They argue this is a full compliance with the legal requirements; that it is unimportant that two of the witnesses signed at the top of the document and the other three at the bottom; that there is no requirement that all the witnesses should sign at the end of the will, but it suffices if they affix their signatures to some part of the instrument. The argument appears to be sound.

It is sufficient for the validity of the writing propounded as the nuncupative will under private signature of the decedent, if she caused it to be written and presented it as her testament to the five subscribing witnesses, and that the witnesses, knowing how to sign, affixed their names to it in her presence and in the presence of one another. Civ. Code, art. 1581; Bouthemy v. Dreux, 12 Mart. (O. S.) 644; Prendergast v. Prendergast, 16 La. Ann. 221, 79 Am. Dec. 575; Frith v. Pearce, 105 La. 186, 29 So. 809.

The particular part of the writing on which the attesting witnesses signed their names is immaterial, if that was done after the presentation and acknowledgment of the instrument by the testatrix and in her presence, in testimony that it was acknowledged and published by the testator as her will.

Our conclusion is that the judge of the district court should permit the proponents to prove, if they can do so, that the document which they propound as the will of the decedent was executed with the simple formalities required by law in such cases. And if the execution of the writing as a will under

private signature be legally established, that the judge should order its recordation, leaving to be determined in some future proceeding among all parties in interest the question of its interpretation and effect.

For the reasons assigned, the order herein appealed from is annulled, and it is now ordered that this case be remanded to the district court for the purpose of permitting the appellants to prove, if they can do so, that the writing propounded by them as the nuncupative will by private act of the decedent Catherine Seals, or Jenkins, was executed with the formalities required by law; the costs of this proceeding to be paid by the succession of the decedent and all other costs to abide the final disposition of the case.