SARTAIN, Judge.
Plaintiffs-appellants in this action, Messrs. Alcee Lionel Whitehead and Alvin Whitehead, Jr., seek to nullify on the grounds of certain alleged formal defects a purported nuncupative will by private act executed by their uncle, the deceased Herman J. W. Whitehead. The defendant-ap-pellee is the widow of the deceased, Mrs. Jeanne Blanchet Whitehead, to whom the deceased left his entire estate under the purported will.
It is not disputed that defendant is entitled to the entire community property portion of her deceased husband’s estate, since his only surviving blood relatives were the plaintiff nephews herein; but a portion of his estate was comprised of separate property inherited from his mother, Clara Hannah Whitehead, and if his will is nullified, that separate property would pass to the plaintiffs as the only legal heirs of the deceased.
With respect to a secondary issue raised by plaintiffs, it is alleged that, although Clara Hannah Whitehead died intestate on March 9, 1966, her succession was not judicially opened at that time. Following the death of Herman J. W. Whitehead on March 27, 1968, and the probate of the will contested herein on May 15, 1968, the defendant by ex parte proceedings opened Clara Hannah Whitehead’s succession and had herself recognized as owner of an undivided one-half interest in that succession, as her deceased husband’s legatee. In the same proceedings, plaintiffs herein were recognized as co-owners of the other one-half undivided interest in that succession. Plaintiffs now contend that they did not appear in those proceedings and, since the defendant admits that she failed to include certain movable property as part of Clara Hannah Whitehead’s estate, she should be accountable to them for such movable property. They also attack the portions of those proceedings which recognize the defendant’s claim under her husband’s will.
The trial judge rendered judgment in favor of the defendant, upholding the contested will and dismissing plaintiffs’ suit; the written reasons for judgment filed in the record do not discuss the secondary claim for an accounting but it must be deemed to have been rejected. We affirm the portion of the judgment of the trial court upholding the will, but we think plaintiffs are entitled to an accounting of the movables not included in their grandmother’s succession proceedings.
Louisiana Civil Code Articles 1581 and 1582 provide the manner in which a nuncu-pative testament by private act must be executed. We emphasize the provisions pertinent to this suit:
“Art. 1581. A nuncupative testament, under private signature, must be written by the testator himself, or by any other person from his dictation, or even by one of the witnesses, in presence of five witnesses residing in the place where the will is received, or of seven witnesses residing out of that place.
“Or it will suffice, if, in the presence of the same number of witnesses, the testator presents the paper on which he has written his testament or caused it to be written out of their presence, declaring *761 to them that that paper contains his last will.”
“Art. 1582. In either case, the testament must he read by the testator to the witnesses, or by one of the witnesses to the rest, in presence of the testator; it must he signed by the testator, if he knows how or is able to sign, and by the witnesses or at least by two of them, in case the others know not how to sign, and those of the witnesses who do not know how to sign, must affix their mark.
“This testament is subject to no other formality than those prescribed by this and the preceding article.”
Plaintiffs allege that the purported two-page will is fatally defective for any one or more of the following reasons:
1. Neither of the two pages is entirely written, dated and signed either by the testator or by another from the testator’s dictation.
2. There is no recitation that the five witnesses resided in the place where the will was received.
3: There is no recitation that the testator declared to the witnesses that the paper contained his last will.
4. The date of the will is uncertain because on each page, the figure “11” is an obvious strikeover, in describing the date as September 11, 1945.
5. There is no recitation by the witnesses that the testator presented the will to them.
6. The testator’s signature does not appear on the first of the two pages of the document.
The trial judge correctly approached these objections with the view that an express recitation of all formalities is not necessary in a nuncupative will by private act, that evidence aliunde was admissible and competent to prove compliance with the requisites. Succession of Guidry, 135 La. 314, 65 So. 319 (1914); Succession of Seals, 174 La. 275, 140 So. 476 (1932). The court further pointed out that the burden of proving nullity is that of the plaintiffs, where, as here, the attack is made more than three months after the date the will was probated. La.C.C.P. Art. 2932. Stephens v. Adger, 227 La. 387, 79 So.2d 491 (1955).
Absolutely no evidence was introduced by plaintiffs that any one of the five subscribing witnesses did not reside in East Baton Rouge Parish, where the will was received, or that the testator did not declare to the witnesses that the paper contained his last will. On the contrary, one of the witnesses testified that he and the other witnesses were residents of East Baton Rouge Parish, and, in the proces verbal of the probate of the testament in this record, three of the witnesses, as required by La.C.C.P. Art. 2884, declared under oath that the testator had declared to all of the witnesses that the instrument contained his last will and testament. In addition, the instrument recites that one of the witnesses read it aloud to the others, in the presence of the testator, and the instrument itself makes reference five times to the fact that it is the testator’s will. Such references have been held to constitute substantial compliance with even a statutory requirement that a testator present the instrument and declare or evidence that it contains his last will, in a purported statutory will. Succession of Saarela, 151 So. 2d 144 (3rd La.App. 1963), cert. den. 244 La. 466, 152 So.2d 562.
Except for the signatures of the testator and the other four witnesses on the second page, the entire instrument was written by one of the witnesses from the testator’s dictation. The trial judge correctly held that Civil Code Arts. 1581 and 1582, supra, do not require that the testator sign and date the instrument on each page.
The remaining objection is that the date on the instrument is obviously a strikeover, although it is just as obvious that the date *762 is actually September 11, 1945. We quote from the written reasons for judgment:
“The Court has examined the date and has concluded that, while they are simple overstrokes, there is no doubt as to the date of the will. It frequently happens that the exact date of the month slips the mind and that the wrong date is entered thereby necessitating a strikeover correction. To invalidate this will on the basis that the date (which is perfectly clear) has been changed (apparently from September 10, 1945, to September 11, 1945) would be an exercise in hyper-technicalism.
‘It is the policy of our law to carry out the wishes of the deceased person and not to push the legal requirements in such cases to extremes and the tendency of our jurisprudence is to limit the rigid enforcement of the formalities required as to the execution of wills only to those instances in which the law is palpably violated.’ Succession of Beattie, 163 La. 831, 112 So. 802.
“The Court concludes that the slight irregularity in the date of this will is harmless and does not constitute a sufficient basis to deny the testator his legal right to distribute his property as he saw fit.”
We note further that Civil Code Arts. 1581 and 1582 do not even specify that the nuncupative testament by private act must be dated, as, for example, is required in the case of an olographic will, under Art. 1588. We find that the plaintiffs herein have not successfully proved the alleged invalidity of the contested will.
In a sworn answer to a request by plaintiffs for admission of facts, defendant admitted that she only listed a house and lot described as Lot 12 of Square 2 of Ellers-lie Subdivision in Baton Rouge on the detailed descriptive list in the ex parte proceedings of the succession of Clara Hannah Whitehead. She failed to include certain contents and furnishings in the house and also omitted a $500.00 bank account in the deceased’s name. She added, however, that the money in the bank account was applied by her to the funeral bill and other expenses due at the time of death, to which plaintiffs made no contribution. She also testified at trial that the furniture was still in the house described above and that she had advised the plaintiffs that they could get what belonged to them. Plaintiffs did not rebut these statements. However, the record of the proceedings in the succession of Clara Hannah Whitehead does not recite any debts or expenses of the succession, and the items of furniture and the bank account were in fact omitted.
Although it is reasonable to suspect that the funeral bill and other expenses amounted to at least $500.00 and although there is no apparent dispute over • the household contents which belonged to Clara Hannah Whitehead’s estate, the record before us is insufficient to show that the plaintiffs’ rights in that succession were properly preserved. We therefore remand this matter for the limited purpose of permitting defendant, Jeanne Blanchet Whitehead, to render an accounting of the $500.00 and other movable property not listed as part of that succession.
All costs of court heretofore incurred, together with the costs of this appeal, are to be borne by plaintiffs-appellants.
Affirmed in part, reversed in part and remanded.