SUCCESSION OF L. CHARLES MANSON—JAMES WALTER BREEDLOVE, Appellant.

Where the beneficiary heir is not of age, or resides out of the state, another person than his attorney in fact or that of his guardian may be appointed administrator; but the circumstance of the applicant's being such attorney, should not repel him, especially where there is no opposition.

ROBERT B. WOODWORTH applied to the Court of Probates for the parish of New Orleans to be appointed curator of the estate of L. Charles Manson, representing himself to be a creditor of the deceased. James Walter Breedlove opposed the appointment of Woodworth; denied that Woodworth was a creditor of the deceased; and prayed that he (Breedlove), as the attorney in fact of Levin J. Wilson, a resident of Mobile, and the husband of one of the children of said Manson, and guardian of the other, might be appointed sole curator of the vacant succession. There was a judgment, *Bermudez*, J., appointing Woodworth curator, and dismissing the opposition of Breedlove, with costs. The latter appealed.

MARTIN, J. In this court, Woodworth has withdrawn his opposition to the application of Breedlove, and also his own application to be appointed curator, and the case is submitted to us on Breedlove's application alone.

The latter claims the letters of curatorship on his statement that the intestate left two minor children as his heirs, one of whom is married to Wilson, who is guardian of the other. That the said Wilson and heirs reside in Mobile, and that he is the agent and attorney in fact in this state of Wilson, as representative of his wife, and guardian of the other heir. The opposition to the appointment of Breedlove, and the claim of the opponent to the curatorship being withdrawn, the application of the former ought to be sustained, unless the circumstance of his being the attorney in fact of the husband of one of the minors, and of the guardian of the other, renders the curatorship unnecessary. The Civil Code, art. 1035, provides that if the beneficiary heir be of age, and present in the state, he shall be entitled to the administration; from which we infer that if he be not of age, or out of the state, some other person may be appointed, rather than his attorney in fact, or that of his guardian. But the circumstance of the applicant being such an attorney ought not to repel him, especially when there is no opposition.

It is therefore ordered that the judgment of the Court of Probates be reversed, and that letters of curatorship be granted to the appellant; the appellee paying costs in both courts,

*Rawle,* for the appellee.

*J. W. Smith,* for the appellant.

