LAND, J.
Relators, as heirs of F. M. Pavey, seek in this proceeding to coerce the granting of a suspensive appeal from an order of the respondent judge appointing Olivier P. Couvillion keeper or guardian of all the property belonging to the succession of F. M. Pavey, pending the decision of the contest over the appointment of an administrator of said succession.
The record facts may be summarized as follows:
On June 20,1909, Olivier P. Couvillion presented an application to be appointed administrator of the succession of Francis M. Pavey, representing that there were debts which rendered an administration necessary, and that the widow and heirs of the decedent did not wish to administer the estate, but desired that the applicant be appointed administrator of the same upon his qualifying according to law, as shown by the following exhibit attached to the application, viz.;
“We. the heirs of Francis M. Pavey, do not wish to administer for the succession. We have agreed and do wish to have Olivier P. Couvillion appointed as administrator of the succession.
“[Signed] Mrs. S. J. Rabalais.
“Mrs. B. Baudin.
“Mrs. L. A. Couvillion.
“Mrs. F. M. Pavey.”
.The judge ordered that notice of the application be published, and that all the property belonging to the succession be inventoried and appraised according to law.
On July 10, 1909, John J. Pavey, a nonresident, Mrs. S. J. Rabalais and Mrs. B. Baudin presented a petition to the court, representing that they and their sister, Leonora Pavey, widow of Fulgence Couvillion, were the sole heirs at law of the late Francis M. Pavey; that they desired to accept the succession of their said brother simply and unconditionally; that one Olivier P. Couvillion, a stranger to the succession, had recently applied to be appointed administrator of the same; that he based his title to such appointment upon the written consent of two of the petitioners, Mrs. Rabalais and Mrs. Baudin, and that of Leonora Pavey, widow of Fulgence Couvillion; that the consent of Mrs. Rabalais and of Mrs. Baudin was given upon á misapprehension of facts and their rights, and that they desired to and did revoke said consent; that an administration of said succession was unnecessary, and would cause useless expense and delay in the settlement and partition thereof; but, should the court deem an administration necessary, then that one or more of the petitioners were entitled to the appointment by preference over the said O. P. Couvillion.
The petitioners prayed that the application of the said Couvillion be dismissed, with costs; that the petitioners be recognized as the heirs and legal representatives of the late Francis M. Pavey, deceased; that the court declare an administration of said succession to be unnecessary, and that petitioners be put in full possession and control of the same; and, in the alternative, that John J. Pavey, or Mrs. Sarah Jane Pavey, or both of them, be appointed to administer said succession.
On July 24, 1909, Mrs. Leonora Pavey, widow of Fulgence Couvillion, and, as above stated, one of the four heirs at law of Francis M. Pavey, presented a petition, verified by affidavit, setting forth the application of *523 Couvillion to be appointed administrator and the opposition thereto of her three-coheirs; that pending such contest over the administration there was no person qualified to conduct the affairs of the succession, nor legally in possession of the effects thereof; and that one Ernest Rabalais, acting by direction of the other heirs, or with their knowledge and consent, had without warrant of law taken possession of the property of the succession, especially the plantation of the decedent, and also threatened to take possession of the store of the decedent, which contained a stock of merchandise, and was using and disposing of the effects of the succession, all without any order or authority of the court. The petitioner further represented that it was necessary to appoint a guardian or keeper of the property and effects of the succession. in order to conserve her rights and interest as heir, and prayed accordingly. The judge thereupon appointed Olivier P. Couvillion guardian and custodian of all the property belonging to the succession pending the decision of the contest over the appointment of administrator, with authority to preserve the property, to manage the plantation and gather the crops, and to contract debts necessary for that purpose.
Relator did not move to vacate or modify this order of appointment, but petitioned for an order of appeal, both suspensive and devolutive, therefrom. The judge granted the relators a devolutive appeal, but refused to allow them a suspensive appeal.
The only question in the case is whether a suspensive appeal will lie from an order appointing a provisional keeper or custodian of a succession pending a contest over the appointment of an administrator.
This question must be determined on the face of the record as it existed at the date of the appointment.
In Succession • of Clark, BO La. Ann. 806, the court, while denying the power of the probate judge to appoint a “provisional administrator” pending a contest over the administration of a succession, said:
“Whilst it may be, and doubtless is, true that, in the discretion of the judge, some such appointment, for the preservation of the property of an estate, might be made pending a contest before him, he certainly would have the right of revocation also. But under such an appointment the appointee would be a guardian or keeper, rather than an administrator. * * * Besides, the duration of the appointment of such a guardian would necessarily be short, for the law requires speedy and summary trial of such questions as contests for administration, and does not allow the decree to be suspended by appeal.”
The text of the law provides that judgments appointing tutors, curators, administrators, and provisional syndics shall not be suspended by appeal, but shall have effect until the appeal be decided. Code Prac. arts. 580, 1059.
This rule is founded on the necessity of conserving the property of minors, interdicts, insolvents, and successions pending applications for or contests over administration. The case of a provisional keeper appointed for the sole purpose of conserving an estate for a brief period of time is much stronger than any of the cases specially provided'by law. The suspension by appeal of orders making such temporary appointments might work irreparable injury to the parties in interest. In the instant case, by reason for the contest over the administration, the property of the estate consisting in part of a plantation with growing crops thereon, was left without a legal keeper or administrator; The question of administration vel non, and of the recognition of relators as heirs and sending them into possession, was pending before the court; one of the heirs insisting on the appointment of an administrator. Under this state of facts, the judge appointed a keeper or guardian, as already stated. The relators allege that the keeper so appointed ousted the possession which they had taken pendente lite. The judge in his return states *525 that the- relators subsequently ousted the keeper under the shelter of the temporary restraining order issued by the Supreme Court in this proceeding. This case, however, must be decided on the state of facts existing at the date of the appointment of the keeper, as shown by the record.
At that time the relators were before the court opposing an administration of the estate, praying to be recognized as heirs, and to be put in possession of all the property of the succession, which at' that date was in gremio legis.
The surviving widow and one of the heirs had not revoked the consent to the appointment of Couvillion as administrator, and he was still an applicant for this office.
Act No. 109, p. 173, of 1906, to enforce the constitutional provisions relative to inheritance taxes, makes it unlawful for any heir or legatee to take or be in possession of any part of the things or property composing the inheritance, or to dispose of the same or any part thereof, until he shall have obtained the authority of the court. See section 3.
Under the sweeping provisions of this statute the court below was the custodian of the estate of Pavey, and the rights of the heirs were in abeyance until recognized by that tribunal. It is useless, therefore, to discuss what the rights of the relator may have been under the Civil Code and prior jurisprudence, as they cannot affect the decision of the present' controversy. The only question before us is relators’ right, as heirs out of possession, to suspensively appeal from the order appointing Couvillion as keeper or guardian. We cannot answer this question in the affirmative without destroying or greatly impairing the power of the courts to conserve succession property until an administrator- can be appointed or the heirs can be recognized and sent into possession. If the appointment of an administrator cannot be suspended by appeal, the same rule should apply with greater force to the appointment of a keeper pro tern., vested only with powers of conservation. The greater includes the less.
We conclude that the articles of the Code of Practice, already cited, by necessary implication deny a suspensive appeal in cases of this kind.
The judge has not as yet decided that an administration is necessary. Hence the cases cited to the effect that a suspensive appeal will lie from a judgment appointing an administrator, when the necessity for an administration is denied, have no application.
The contention of relators that they were in possession of the estate is had in law, because they were forbidden by the statute to take or hold possession of the same without the express authority of the court, which they were seeking, but had not obtained. None of the heirs were in lawful possession of the succession, and at least one of them was in court demanding an administration. The functions of the keeper will cease as soon as the judge decides whether he will appoint an administrator or. send the heirs into possession.
It is therefore ordered .that the rule nisi be discharged, the temporary restraining order revoked, and relators’ application herein be dismissed, with costs.