On Motion to Dismiss Appeal.
MONROE, C. J.
In December, 1914, Rev. James H. Trainor, a Catholic priest, formerly in charge of the church at Franklin, presented to the district court an instrument, purporting to be the last olographic will, executed in 1910, of Caroline Lefort, who had departed this life on November 29, 1914, which will contained, among others, the following disposition, to wit:
“I bequeath to the priest of this church the sum of two thousand dollars and appoint him executor of this will, without bond.”
The instrument was admitted to probate as the last will of Miss Lefort, the petitioner was confirmed as testamentary executor, and the taking of an inventory was ordered. In the discharge of that function, the notary discovered, among the papers in the residence of the decedent, another instrument, purporting to be an olographic will, executed in 1913, which contains, among others, the following provision, to wit:
“I appoint the pastor of this church administrator, without bond.”
At the date of the death of the decedent, Rev. J. H. Trainor had ceased to be the pastor of the Catholic church at Franklin, and had been succeeded by Rev. J. J. Rousseau, and that gentleman, together with Sam Serio, Rt. Rev. Jas. H. Blenk, the Church of the Assumption, and Mrs. Caroline Levy, persons who are named in the instrument so described, presented that instrument to the court as the last will of the decedent, and *56 prayed that it be so recognized; that Rev. J. J. Rousseau be confirmed as executor, and that the other petitioners be recognized as legatees. They further prayed, in- the alternative, that, should the court hold the instrument first presented to be the last will of the decedent, it should set aside its order confirming Rev. J. H. Trainor, as executor, and substitute, in his place, Rev. J. J. Rousseau, as the then pastor of the church to which both of the instruments are conceded to refer. A litigation then ensued between the legatees named in the two instruments, respectively, and the former and present pastor, and the case was submitted for adjudication in June, 1915, after which, on July 16, the following entry was made upon the minutes of the court, to wit:
‘Tn the suit of Pam Serio et al., it was agreed by and between counsel for plaintiffs and defendants that this case shall be decided in chambers, during vacation, if the court sees fit so to do, and shall grant an order of appeal, both suspensive and devolutive, to either party, fixing the return day and bond for either appeal. All to have the same effect as if done in open court.”
On July 27th (during the vacation) the court handed down its opinion and decree, rejecting the demand for the recognition of the document last presented as the will of the decedent, but setting aside the order confirming Rev. J. H. Trainor as executor of the instrument first presented, and recognizing and confirming the Rev. J. J. Rousseau in that position; and, there was an order, made at the same time, granting “to any plaintiff or defendant” an appeal, both suspensive and devolutive, returnable to this court on or before September 20th on the furnishing of a bond in the sum of $250. The parties cast— that is to say, Rev. J. H. Trainor, Sam Serio, Rt. Rev. J. H. Blenk, and the Ohurch of the Assumption — availed themselves of the order so made, and lodged their appeal in this court on September 15th, and, thereafter, on September 18th, Rev. J. J. Rousseau filed the motion, which we are now to consider, to dismiss the appeals, on the ground that they were taken prematurely and before the expiration of the delay for the filing of motions for new trial, and as to the appeal of Rev. J. H. Trainor, in so far as it operates suspensively on the further ground that he was not entitled to a suspensive appeal. That gentleman has filed an answer to the motion, to which he attaches a copy of the minutes of the district court, of September 21st, showing that, upon that day, the court overruled a motion for new trial which had been filed, on July 29th, in behalf of Sam Serio, Rt. Rev. James H. Blenk, Archbishop of New Orleans, the Church of the Assumption, Rev. J. J. Rousseau, and Mrs. Caroline Levy, the reasons assigned by the judge for the ruling so made being that he had rendered the judgment in vacation and granted the appeals in conformity to the agreement of all parties, entered upon the minutes of the court on July 16th, and that he did not consider that the matter of the motion for new trial was any longer within his jurisdiction.
[1] The proceedings on the motion for new trial took place after the transcript of appeal had been lodged in this court, and are not before us for consideration, but the agreement as to the rendition of the judgment and the granting of the appeals is to be found in the transcript; and, as the action of the trial judge was in strict conformity'thereto, we are of opinion that the motion to dismiss the appeals, as premature, is without merit. It is, of course, possible that the mover herein, in becoming a party to the agreement, made a mental reservation, to the effect that the judge should grant the appeal only after the litigants should have exercised their right to apply for a new trial, but there is no intimation of such reservation in the entry upon the minutes, and the mover seems to stand alone in claiming that advantage, since the judge and all the other litigants. have interpreted the entry to mean *58 what the language imports, viz., that, in agreeing that the judgment should be handed down and appeals granted, during vacation the parties in interest waived the right to move for a new trial, the reservation or exercise of which right would necessarily have carried the case over until the next term of the court.
[2] The further ground relied on for the dismissal of the appeal of Bev. J. H. Trainor, in so far as it operates suspensively, is founded upon articles 580 and 1059 of the Code of Practice, which provides that certain judgments shall be executed provisionally although appeals may have been taken therefrom.
These articles declare that:
“Art. 580. * * * Such judgments relate: To the nomination of tutors and curators of minors, of persons absent or interdicted, and of vacant successions. 2. To the appointment of syndics of creditors, when the court orders that they shall administer provisionally.”
“Art. 1059. When an appeal is made from a judgment appointing or removing a tutor or curator of a minor, interdicted or absent person, or of a vacant succession of absent heirs, or other administrators of successions, such appeal shall not suspend the execution of the judgment, but it shall have effect provisionally, until the appeal be decided.”
It will be observed that the judgments referred to in article 580 are those which relate to the “nomination,” or “appointment” of the officers mentioned, and that judgments appointing syndics are included only when the court orders that the appointees shall administer provisionally. Article 1059, on the other hand, makes provision in regard to appeals from judgments—
“appointing or removing a tutor or curator of a minor, interdicted or absent persons, or a vacant succession of absent heirs, or other administrators of successions.”
And it can hardly be claimed that an executor, whether testamentary or dative, is not included within the meaning of the comprehensive language, “or other administrators of successions” as thus used.
It was so held, in effect, in State ex rel. Commagere v. Judge, 22 La. Ann. 116, where a dative executrix was denied a suspensive appeal from a judgment of removal, and in Succession of Townsend, 37 La. Ann. 409, where this court said:
“The judgment removing Sykes as executor became final the moment it was signed. It belongs to that class of judgments from which no suspensive appeal lies, and which are executory at once.”
It is therefore ordered that the motion to dismiss be overruled, save in so far as it relates to the appeal of Bev. J. H. Trainor, as to which it is sustained to the extent that said appeal is held not to suspend the execution of the judgment appealed from.
O’NIELL, J., takes no part.
PEB CUBIAM. Since the foregoing opinion and decree were prepared, Bev. James H. Trainor has departed this life, and his heirs have made themselves parties to the appeal. The opinion and decree, on the merits of the appeal, this day handed down, hold, however, that Bev. J. J. Bousseau is the legally nominated testamentary executor; and, as Bev. James H. Trainor was otherwise interested in the appeal, we find no reason for making any change in this opinion and decree.