(91 South. 286)

No. 25124.

## Succession of DAMICO.

### In re DAMICO et al.

(March 20, 1922.)

*(Syllabus by Editorial Staff.)*

1. Appeal and error ⬡458(2)—No suspensive appeal from judgment appointing administrator.

Under Code Prac. art. 1059, a judgment appointing an administrator of a succession is immediately executory, and there is no right to a suspensive appeal therefrom.

2. Appeal and error ⬡458(2)—That question on appointment of administrator was validity of marriage gives no right to suspensive appeal.

Where an application for the appointment of an administrator was opposed by one claiming to be the decedent's widow, the fact that the validity of the marriage was the only question at issue gives no right to a suspensive appeal from the judgment appointing the widow as administratrix; the decree declaring the marriage valid not requiring execution except with regard to her administrative functions.

Application by Antonio Damico and another for the appointment of an administrator for the succession of Jake Damico, opposed by Armantine Rolland Damico. The last-named party was appointed, and a suspensive appeal was denied, and the original petitioners apply for writs of certiorari and mandamus. Petition denied, and proceeding dismissed.

Theodore Cotonio, of New Orleans, for relators.

Michel Provosty and U. Marinoni, Jr., both of New Orleans, for respondent Judge.

By Division B, composed of Justices O'NIELL, LAND, and BAKER.

BAKER, J. Antonio and Joseph Damico, being, respectively, the father and brother

of the deceased, Jake. Damico, applied for the appointment of the brother,' or, in the alternative, of the father, as administrator of the succession. · The application was opposed by Mrs. Armantine Rolland Damico, who claimed that she was the widow of Jake Damico, and was therefore entitled to be appointed administratrix of his succession. Antonio and Joseph Damico contested the validity of the marriage of Armantine Rolland to Jake Damico. On trial of the opposition, the marriage was declared valid, and the widow was therefore appointed administratrix. Antonio and Joseph Damico filed a petition praying for a suspensive appeal from the judgment. They did not ask for a devolutive appeal. The civil district court refused to grant a suspensive appeal, on the ground that the execution of the judgment appointing an administrator should not be suspended by an appeal. Antonio and Joseph Damico now ask for a writ of mandamus to compel the judge of the civil district court to grant a suspensive appeal from the judgment.

[1] A judgment appointing an administrator of a succession is immediately executory. There is no right to a suspensive appeal from such a judgment. Code of Practice, art. 1059; State ex rel. Marin v. Judge, 22 La. Ann. 24; State ex rel. Pearson v. Judge, 22 La. Ann. 61; State ex rel. Commagere v. Judge, 22 La. Ann. 116; Succession of Townsend, 37 La. Ann. 405; Succession of Watt, 111 La. 937, 36 South. 31; Succession of Pavey, 124 La. 520, 50 South. 518; In re Mitchell-Borne Construction Co., 134 La. 518, 64 South. 397; Orleans-Kenner Electric Ry. Co. v. Metairie Ridge Nursery Co., 136 La. 976, 68 South. 93; Succession of Lefort, 139 La. 51, 71 South. 215, Ann. Cas. 1917E, 769.

[2] Relators contend that they are entitled to a suspensive appeal from the judgment rendered in this case because, in appointing Mrs. Damico as administratrix, the court expressly recognized the validity of her marriage to the deceased, Jake Damico. The question of the validity of the marriage was propounded by the relators as the question upon which depended Mrs. Damico's right to be appointed administratrix. The pronouncement of the validity of the marriage was not the object of the opposition filed by Mrs. Damico. It is true the question of validity of the marriage was the only question at issue in the contest for appointment of an administrator; but we do not see why that fact should give a right to a suspensive appeal from the judgment, appointing the administratrix. The decree declaring her marriage valid did not require execution, except with regard to her administrative functions.

The petition for mandamus is denied, and this proceeding is dismissed, at relators' cost.