### No. 8930.
### Orleans Appeal.

## FRANK G. CHURCHILL v. ALBERT G. THOMAS, Appellant.

(April 27, 1925, Opinion and Decree.)

*(Syllabus by the Court.)*

1. **Louisiana Digest—Pleading—Par. 62; Appeal—Par. 568.**

An exception of no cause of action addressed to the insufficiency of allegation of plaintiff's petition which was susceptible of amendment, filed in the lower court, after the trial upon the merits and not passed upon by the trial court will not be considered an appeal.

2. **Louisiana Digest—Builders and Buildings—Par. 2.**

Where an architect is employed to prepare plans for a contemplated work and his compensation fixed at 5% of the lowest bid received for doing the work and no bids are asked for and the work not undertaken because of the employer's failure or refusal to go on with the contemplated building, the employer will be held to have waived the necessity of obtaining bids as a basis for fixing the architect's compensation and the architect will be entitled to compensation upon a *quantum meruit.*

Appeal from Civil District Court, Division "D", Hon. Porter Parker, Judge.

This is a suit for the fee of an architect for professional services.

Judgment for plaintiff. Defendant appealed.

Judgment amended and affirmed.

Terriberry, Rice & Young, attorneys for plaintiff and appellee.

Ed. Rightor, attorney for defendant and appellant.

WESTERFIELD, J. Plaintiff, an architect, sues defendant for $750.00 alleged to be due him as a fee for professional services. From a judgment in plaintiff's favor as prayed for, the defendant has appealed.

After trial upon the merits, defendant filed in the lower court an exception of no cause of action which was addressed to alleged insufficiency of allegation in plaintiff's petition. The exception does not appear to have been passed on below but if it had been filed *in limine* and maintained, plaintiff would have been permitted to amend. It is now too late. Succ. of Lefort, 139 La. 61, 71 South. 215, and authorities there cited.

The evidence establishes plaintiff's employment under the following conditions expressed in a letter of plaintiff to defendant and assented to by defendant:

"In reference to our conversation regarding the alterations to your residence, 444 Audubon St., will say that my commission for services will be as follows:

"Preliminary plans One Hundred and Eighty Dollars ($180.00).

"If the Working Plans and Specifications are made and bids taken and work then discontinued, my commission will be 5% of the total of the lowest bids received.

"If the work should go ahead, under my supervision, my commission will be 10% of the total final cost.

"In both of the two last cases referred to above, the fee for the Preliminary Plans is absorbed in the fee named.

"Awaiting your advice in the matter, I beg to remain."

Defendant admits being indebted to plaintiff in the sum of $180.00 for preliminary plans, but denies any further indebtedness.

It appears that defendant desired to remodel his residence so as to convert it into two apartments and it was for this purpose that plaintiff was employed. Many conferences were had between plaintiff and defendant in which defendant's wife participated occasionally with the result that working plans were finally prepared and approved. For some reason, apparently because defendant believed the cost of executing plaintiff's plans would be too much for his means, because, as he declares, the plans were "too fancy" or upon other considerations best known to defendant the plans as prepared by plaintiff were abandoned and defendant ceased calling at plaintiff's office and evinced no further interest in the project. Defendant was, of course, privileged to take this course, but plaintiff had performed his part of the agreement and was entitled to compensation under the agreement between them entitling him to "5% of the total of the lowest bids received". No bids were received, however, and defendant claims that plaintiff can only claim the 5% commission "if the working plans and specifications are made and bids taken". But plaintiff testifies without contradiction that he asked defendant upon several occasions for permission to obtain bids and was told to wait awhile, defendant evidently intending to evade the taking of bids. Plaintiff was in no position as architect to call for bids without defendant's permission as owner. To ask contractors for bids for work which he knew would not be let in order to establish his claim for commission would not be calculated to produce reliable estimates of the cost of the work if the contractors were advised that such was the only purpose of taking the bids and if the contractors were not so advised a manifest injustice would be done the contractors in putting them to the expense and labor of estimating the cost of a moot contract. Under the circumstances, defendant must be held to have waived this provision of the contract.

Since the bids were not taken there is no method by which we can ascertain the lowest bid upon which to compute the 5% commission due plaintiff. The testimony of plaintiff to the effect that he guesses the cost would have been at least $15,000.00 and of another architect testifying in plaintiff's behalf to the same effect, we cannot accept as controlling. We must consider plaintiff's compensation upon a quantum meruit, as the only means of ascertaining the value of his services. Under ordinary conditions, we would, in view of the paucity of evidence as to the value of plaintiff's services, remand the case. But the plaintiff is dead and his heirs prosecute this case. The transaction was had about five years ago and in the meantime the defendant's house has been remodeled under other plans as appears from the record. In the work which defendant finally had done to his house, he says he expended about $7,000.00. We have concluded to accept this sum as a basis for computing the 5% commission due plaintiff.

For the reasons assigned, the judgment appealed from is amended so as to reduce the amount awarded plaintiff to the sum of $350.00 and as thus amended it is affirmed. Plaintiff to pay costs of appeal.