ST. PAUL, J.
 

 Henry Ledet died, leaving a will by which he made certain testamentary dispositions, and appointed A. D. Danziger and O. J. Gaude his executors. For reasons not presently pertinent, the widow of the deceased attacked the validity of said will, and prayed that same be annulled and set aside, and that she be appointed administratrix of the succession. After due trial there was judgment in her favor as prayed for, and the executors (Danziger and Gaude) applied for, and were allowed, a suspensive appeal therefrom.
 

 This is an application by the widow to have said appeal set aside as a suspensive appeal in so far as it removes the executors and denies her the right to qualify as adminis-tratrix of the succession and enter at once upon the administration of the estate.
 

 We think she is entitled to the relief sought. Article 1069, Code Prac., provides that appeals from judgments appointing or removing tutors and curators of minors, interdicts, and absentees, and representatives of successions, shall not suspend the execution of such judgments pending the hearing on appeal. And this court has uniformly applied said article literally as written. Succession of Beattie, 163 La. 834, 112 So. 802; Succession of Damico, 150 La. 888, 91 So. 286; Succession of Lefort, 139 La. 57, 71 So. 215, Ann. Cas. 1917E, 769; State v. King, 113 La. 908, 37 So. 871; State ex rel. Commagere v. Judge of Second District Court, 22 La. Ann. 116; Succession of Watt, 111 La. 937, 36 So. 31; Succession of Townsend, 37 La. Ann. 408.
 

 The trial judge seeks to draw a distinction between executors removed “for cause” and executors removed only because the will has been annulled; but the law draws no such distinction nor can we. See Succession of Lefort, 139 La. 51, 71 So. 215, Ann. Cas. 1917E, 769.
 

 State v. Sommerville, 110 La. 734, 34 So. 757, 761, relied on by the respondent, is not applicable. In that case it was held that Code Prac. art. 1059, did not in terms apply to their removal of syndics appointed by creditors of an insolvent, and its provisions should not be extended to such cases, saying, “The question, however, is not whether it would have been well for the lawmaker to have made the provisions of Code Prac. arts. 580 and 1059 broader than they are, but whether * * * we are authorized to enlarge the articles beyond their exact terms, through logic or by analogyand the court held that it should not do so.
 

 The writs herein issued are therefore made absolute to the extent that the trial judge is hereby ordered to execute, notwithstanding the appeal herein allowed, the judgment rendered by him in so far as same removes the executors appointed under the will and in so far as same appoints relatrix administratrix of the succession of her deceased husband. Costs hereof to be paid by the succession.
 

 O’NIELL, C. J., dissents from refusal to grant a rehearing.