164 So. 326

Succession of COCO.

No. 33650.

Nov. 4, 1935.

Couvillon & Couvillon, of Marksville, for appellants.

Lester L. Bordelon, of Marksville, for appellee.

O'NIELL, Chief Justice.

Albert Dominique Coco died intestate, leaving as his heirs at law two brothers and two sisters. One of the brothers, Lestan L. Coco, applied for appointment as administrator of the succession, and notice of his application was published as required by law. The other brother, Jules A. Coco, and a sister, Mrs. Eliza Coco Woodruff, opposed the appointment of an administrator, on the ground that the debts were not so large in comparison with the value of the estate as to justify the expense of an administration; and, in the alternative, the opponents prayed that Jules A. Woodruff should be appointed administrator if the court concluded that an administration of the estate was necessary. After trial of the opposition the judge dismissed it, and appointed Lestan L. Coco administrator. Jules A. Coco and Mrs. Woodruff appealed. Before the case could be heard on appeal, Lestan L. Coco died. His attorney filed a motion to dismiss the appeal on the ground that the heirs of Lestan L. Coco did not inherit his right or interest in the litigation, and

hence that no one could be made a party to the appeal, as appellee. Jules A. Coco and Mrs. Woodruff then filed a motion to have the heirs of Lestan L. Coco made parties to the appeal; and they, in response to the motion, declared that they had not inherited the interest of Lestan L. Coco in the litigation, and therefore had no interest in the litigation, and hence that the appeal should be dismissed.

■ Our opinion is that the action became abated by the death of the appellee, Lestan L. Coco, whose interest in the litigation was only a fiduciary interest, and hence not transmissible to his heirs. It is argued on behalf of Jules A. Coco and Mrs. Woodruff, as appellants, that, besides being concerned in the decree which appointed Lestan L. Coco administrator, they are concerned in the decree which rejected the demand of Jules A. Coco to be appointed administrator, and in the matter of the court costs, which Jules A. Coco and Mrs. Woodruff were ordered to pay. Hence it is argued that this court might render a decree appointing Jules A. Coco administrator, and relieving him and Mrs. Woodruff of liability for the court costs. The judgment appealed from, however, is already set aside by the abatement of the action itself; hence Jules A. Coco and Mrs. Woodruff are no longer condemned to pay the costs of court. The judgment of the district court, which never became a final judgment, has not foreclosed the right of Jules A. Coco to be appointed administrator, if in fact he is entitled to be appointed, now that Lestan L. Coco is dead. But for this court to make the appointment, in a proceeding in which there is no adverse party litigant, would be exercising original jurisdiction. Our conclusion, therefore, is that the appeal must be dismissed, in order that the district judge may proceed anew, as if the proceeding had become abated before it could be decided in the district court. The court costs ought to be imposed upon the succession, not only because they were incurred presumably in the interest of the succession, but because the parties who have been ordered to pay the costs are deprived of an opportunity to set aside the order or decree.

The attorneys for Jules A. Coco and Mrs. Woodruff cite the Succession of Manson, 1 Rob. 235, in support of their argument that this court has authority to appoint Jules A. Coco administrator. In the case cited, however, the judgment was rendered by consent, with both the appellant and the appellee before the court. On appeal, the party who had applied to be appointed curator of a vacant estate, and who was appointed over the opposition of another applicant, consented that the decree should be reversed and that his opponent, the appellant, should be appointed curator. This court, finding that the appellant was legally qualified for appointment as curator, rendered the decree which the parties had agreed to. The case cited, therefore, is not a precedent for this case.

The appeal is dismissed, without prejudice to any right which Jules A. Coco may have to be appointed administrator of the succession of Albert Dominique Coco. The succession of Albert Dominique Coco is to pay the costs of this suit.