On Rehearing.
We granted a rehearing in this case on the application of A. Blumes Coco, and, in order to discuss the issues raised, it is necessary to give a brief chronological statement of the facts:
Albert Dominique Coco died intestate on July 2, 1935, leaving as his sole heirs at law two brothers, Lestan L. Coco and Jules A. Coco, and two sisters, Mrs. Emma Coco Bordelon and Mrs. Eliza Coco Woodruff. On July 5, 1935, Lestan L. Coco (now deceased) applied to be appointed administrator of the succession and at the same time prayed to be appointed administrator ad interim. On the same day, Jules A. Coco and Mrs. Eliza Coco Woodruff opposed his application to be appointed temporary administrator, but on July 15, 1935, after due hearing, the court appointed him as such and ordered the publication of his application to be appointed permanent administrator, to which the same brother and sister filed an opposition on the 23d of July and prayed that one or both of them be appointed as administrators. After trial of the opposition, the court rendered judgment appointing Lestan L. Coco as permanent administrator of the succession upon his furnishing bond as required by law. The opponents appealed from that judgment, but, before the appeal had been lodged in this court, and without having qualified as administrator, Lestan L. Coco died on August 18, 1935. We dismissed the appeal. See our opinion of November 4, 1935, No. 33650, 164 So. 326. On August 19, 1935, the *Page 152 
judge a quo signed an order for the publication of the application of A. Blumes Coco, a son of Lestan L. Coco, deceased, for letters of administration and, pending the approval or disapproval thereof, appointed him temporary administrator, upon his furnishing bond in the sum of $69,000. The next day, upon the petition of Jules A. Coco and Mrs. Eliza Coco Woodruff, a rule issued against A. Blumes Coco to show cause why his application for administration of the succession of Albert Dominique Coco, dated August 19, 1935, should not be vacated and set aside and Jules A. Coco forthwith appointed administrator of said estate, and, in the alternative, that A. Blumes Coco's application be dismissed or ordered to stand as an opposition to Jules A. Coco's appointment because Jules A. Coco's opposition to the application of his late brother's appointment was in effect Jules A. Coco's application to be appointed as such. The rule was made returnable on the 24th day of August, tried on the 26th of August, and on the 7th of September, 1935, judgment was rendered by the lower court declining to vacate its order and retained A. Blumes Coco as temporary administrator of the succession; whereupon the relators, Jules A. Coco and Mrs. Eliza Coco Woodruff, applied to this court for writs of certiorari and prohibition, which we granted (No. 33660 of our docket), and on the 4th of November, 1935, we rendered our decision, setting aside the appointment of A. Blumes Coco as temporary administrator and ordered the district judge to forthwith appoint relator Jules A. Coco administrator of the succession of Albert *Page 153 
Dominique Coco, upon his giving bond in the sum of $70,000. The matter is now before us on rehearing.
Relators Jules A. Coco and Mrs. Eliza Coco Woodruff, in their petition to the lower court for the issuance of the rule against A. Blumes Coco to have the court's order of August 19, 1935, vacated, or, in the alternative, that A. Blumes Coco's application to be appointed administrator stand as an opposition to the appointment of Jules A. Coco, assigned therefor the following reasons:
"(a) That the issue of the appointment of an administrator for the above estate having been advertised and taken up by the court in the matter of the application of Lestan L. Coco, Sr. and Jules A. Coco for such appointment, such trial foreclosed the issue of the appointment of any other than the two applicants and constituted a bar and estoppel to anyone else applying as long as either of said applicants remained alive, and the filing of said application is, in effect, a demand for a re-opening of the issue of the appointment made by one who had not heretofore applied, which the court is powerless to grant under the law;
"(b) That since the issue of the appointment of an administrator of the above estate was narrowed down by the application of Lestan L. Coco, Sr. and opposition of your petitioners and the application of Jules A. Coco, to either of them or both but to no other, and since the said Lestan L. Coco, Sr. has died before qualifying, there leaves and there still remains the application of your petitioner Jules A. *Page 154 
Coco as the only applicant for the administration of said estate, there leaves the court no alternative but to appoint him. No other applicant can now enter into the proceedings of the estate and either oppose the appointment of your petitioner, Jules A. Coco or ask the appointment himself, even if he had a right equal to your petitioner Jules A. Coco.
"(c) That the said A. Blumes Coco, even if an application for the appointment of the administrator of the above estate could be now entertained as timely, is not a beneficiary heir and has no right in law to compete for the appointment against your petitioner who is a beneficiary heir, and whose application is already filed in these proceedings.
"(d) That even if the application of said A. Blumes Coco could be entertained at this time which your petitioner, however, denies can be legally done, it could be only done in opposition to the application of Jules A. Coco and not a new application since there has already been one filed by said Jules A. Coco in these proceedings and there can not be two original applications.
"(e) That your petitioners Jules A. Coco and Mrs. Eliza Woodruff can not be thrown to oppose an application made subsequent to that of your petitioner Jules A. Coco for the appointment of an administrator of this estate, and the said application of said A. Blumes Coco should, therefore, be dismissed at least, or ordered to stand as an opposition to your petitioner Jules A. Coco's application, this ground and showing being made herein only in the *Page 155 
alternative, and in the event the court should deem the other grounds hereinabove set forth without support in law."
On motion to dismiss the appeal taken by relators herein from the judgment of the lower court appointing Lestan L. Coco administrator of the succession of Albert Dominique Coco,164 So. 326, 327, we held that "our conclusion * * * is that the appeal must be dismissed, in order that the district judge may proceed anew, as if the proceeding had become abated before it could be decided in the district court." Therefore the issues raised by relators in their petition to set aside the order dated August 19, 1935, are clearly disposed of by our decree.
While it is true, as provided by article 1042 of the Revised Civil Code, that "in the choice of the administrator the preference shall be given to the beneficiary heir over every other person, if he be of age and present in the State," and by article 1043 that, "if there be two or more beneficiary heirs of age and present in this State, the judge shall select one or two he shall consider the most solid, for the administration of the succession," nevertheless, these are matters to be determined in a proper proceeding. In other words, the court is not authorized ex propria motu to appoint or select an administrator. Code of Practice, arts. 966 and 967; King v. Lastrapes, 13 La.Ann. 582; Girod's Heirs Legatees v. Girod's Ex'rs, 18 La. 394; Succession of Gusman, 35 La.Ann. 404; Pfarr v. Belmont, 39 La.Ann. 294, 298, 1 So. 681. Any creditor, heir, or party in interest may apply to be appointed *Page 156 
administrator of a succession. It is only when beneficiary heirs assert their rights that it is the mandatory duty of the judge to select the beneficiary heir over a stranger, and, as between beneficiary heirs, the most solid, according to the judge's discretion.
We are therefore of the opinion that the district judge, in his ruling, properly declined to set aside his order of August 19, 1935, ordering the publication of the application of A. Blumes Coco to be appointed administrator.
"If there be several heirs to a succession, some of whom have accepted unconditionally, and others claim the benefit of the term for deliberating, the judge of the place where the succession is opened shall, notwithstanding, cause an inventory to be made of the effects of the succession, and shallappoint an administrator to manage them, until a partition of the same be made among the heirs." Rev.Civ. Code, art. 1047. (Italics ours.)
Under articles 944 and 945 of the Revised Civil Code, the rights of Lestan L. Coco to accept or renounce the succession of his brother Albert Dominique Coco, were transmitted upon his death to his son, A. Blumes Coco.
In the Succession of Pavey (In re Coco et al.), 124 La. 520,50 So. 518, this court held, as is well expressed by its syllabus:
"Under the provisions of Act 109, p. 173, of 1906, relative to inheritance taxes, it is made unlawful for any heir or legatee to take or be in possession of property composing the inheritance until he shall *Page 157 
have obtained the authority of the court to that effect. This statute places all successions in gremio legis, and by necessary implication empowers the court to conserve the property of the estate by the appointment of a temporary keeper until an administrator can be appointed or the heirs or legatees sent into possession."
It is our opinion that the lower court was not only authorized to appoint an administrator ad interim in the instant case, but a review of the record discloses that one was necessary. The estate consisted of a large farm, which was being actively operated, a syrup mill, and a general mercantile business, which had given credit to a number of farmers in the vicinity, and collection from them depended upon the operation of the syrup mill and the sale of the proceeds of the manufactured products of the debtors of the estate.
The dismissal of the appeal taken by relators, Jules A. Coco and Mrs. Eliza Coco Woodruff, to the lower court's judgment appointing Lestan L. Coco administrator of the succession, had the effect of placing the status of the matter as though no application had ever been filed, and necessarily proceedings had to be started anew. Succession of Coco, supra. Therefore, if the relators, as beneficiary heirs, desired to be appointed administrators of the succession, it was their duty to formally oppose the appointment of A. Blumes Coco as ad interim and permanent administrator and pray for the appointment of either of them or both and the matter tried contradictorily with applicant, A. Blumes Coco. Having failed to do so, *Page 158 
that matter was never at issue in the lower court, and we are powerless to raise the issue here for them. We were therefore in error in our decree of November 4, 1935, in setting aside the appointment of A. Blumes Coco as temporary administrator and ordering the district court to forthwith appoint Jules A. Coco permanent administrator of the succession of Albert Dominique Coco.
For the reasons assigned, our decree and judgment herein, dated November 4, 1935, is hereby set aside, and it is now ordered, adjudged, and decreed that the rule issued herein be recalled, and the writs of certiorari and prohibition against respondents, Judge C.A. Bordelon and A. Blumes Coco, are dismissed, with full reservation of the rights of all parties concerned to have the issues with reference to the appointment of a permanent administrator of the succession of Albert Dominique Coco determined in a proper proceeding in the district court; all costs of this proceeding to be paid by the relator Jules A. Coco.