188 So. 31

**Succession of TYLER.**

No. 35201.

April 3, 1939.

James J. Landry, of New Orleans, for appellant Louise Louque Burton.

Hubert M. Ansley and Peter G. Charbonnet, Jr., both of New Orleans, for appellee Robert M. Haas.

O'NIELL, Chief Justice.

Mrs. Kate Elfa Tyler died leaving an olographic will, in which she appointed Mrs. Louise Louque Burton executrix and directed her to sell all of the property of the estate and to invest the proceeds in a suitable memorial in the cemetery lot of the deceased. The will was duly probated and Mrs. Burton was confirmed and qualified as executrix. Thereafter, Miss Amelia Elfa, who claimed to be the only heir of the deceased, and who had applied to be appointed administratrix of the succession, brought suit against Mrs. Burton, individually and as executrix, to annul the will of Mrs. Tyler on the ground that she was insane at the time when she made the will. The prayer of the petition was merely that Mrs. Burton should be duly cited, individually and as testamentary executrix,

that, after due proceedings, the judgment probating the will should be annulled, that the will itself should be annulled, and that it should be decreed that Mrs. Kate Elfa Tyler was insane at the time when she made the will. After filing the suit, Miss Amelia Elfa died, and her testamentary executor intervened and obtained an order of court authorizing him to prosecute the suit to annul the will of Mrs. Tyler. After hearing the evidence the judge gave judgment exactly as prayed for by the plaintiff, annulling the judgment by which the will of Mrs. Kate Elfa Tyler was probated, annulling the will itself, and declaring that Mrs. Tyler was insane at the time when she made the will. In the judgment it was said to be rendered against Mrs. Burton "individually and as testamentary executrix of the decedent, Kate Elfa Tyler," etc. Mrs. Burton, in her capacity as testamentary executrix, obtained an order for a suspensive appeal from the judgment, and, as we interpret the motion and order of appeal and the appeal bond, Mrs. Burton's appeal is made in her own behalf, as well as in her capacity as executrix. The appeal must be so construed, according to the decision in Bisland v. Provosty, 14 La.Ann. 169, 174, 175, and Succession of Braud, 170 La. 411, 127 So. 885.

The executor of the will of the late Amelia Elfa, as appellee, has moved to dismiss the suspensive appeal; the effect of which motion, if it should prevail, would be that the judgment that was rendered against Mrs. Burton, individually and as testamentary executrix, might be put into effect while this appeal is pending. It is not disputed that Mrs. Burton, as testamentary executrix, had the right to appeal from the judgment annulling the testament. Code of Prac. art. 572. The appellee contends merely that, in so far as a judgment annulling a will has the effect of doing away with the office of the executor, the individual holding that office immediately becomes functus officio, and cannot retain the office while appealing suspensively from the judgment by which the will is annulled. It would seem anomalous to say that, although it is the duty of a testamentary executor to see that the testament is carried out—and although the executor has the right, under article 572 of the Code of Practice, to appeal from a judgment annulling the will if he has reason to believe that the judgment is wrong, nevertheless, the executor becomes functus officio as soon as the judgment is rendered and must remain out of office while his appeal is pending.

The appellee in this case relies upon article 1059 of the Code of Practice, which declares that an appeal from a judgment appointing or removing a tutor or curator, or an administrator of a succession, shall not suspend execution of the judgment, but that the judgment shall have effect provisionally, until the appeal is decided. This article is a complement of article 580 of the Code of Practice and of article 1120 of the Civil Code, which declare that, although a judgment appointing a tutor or curator may be appealed from, the tutor or curator so appointed may act as such until the appeal is decided, and his official acts will be valid even though his appointment may be annulled on the appeal.

The appellee cites the following decisions, which, in our judgment, are not quite appropriate, viz: State ex rel. Commagere v. Judge, 22 La.Ann. 116; Succession of Townsend, 37 La.Ann. 408, 409; Succession of Watt, 111 La. 937, 36 So. 31; State ex rel. Gelpi v. King, 113 La. 905, 907, 37 So. 871; Succession of Lefort, 139 La. 51, 71 So. 215, Ann.Cas.1917E, 769; Succession of Damico, 150 La. 888, 91 So. 286; Succession of Beattie, 163 La. 831, 112 So. 802; Succession of Ledet, 169 La. 72, 124 So. 150; Succession of Esteves, 183 La. 274, 163 So. 99. To this list may be added State ex rel. Judson v. Judge, 5 La.Ann. 518; State ex rel. Dubuisson v. Judge, 14 La.Ann. 240; Succession of Menendez, 29 La.Ann. 408; Succession of Pavey, 124 La. 520, 50 So. 518; and perhaps many similar decisions. In all of these cases, however, the appeal was from a judgment which merely appointed or removed a tutor, curator, executor or administrator. In the Succession of Lefort, 139 La. 51, 71 So. 215, · Ann.Cas.1917E, 769, for example, the appeal which was said to be not a suspensive appeal was only an appeal from a judgment removing a testamentary executor and appointing another in his place. There was a contest between the legatees under a will dated in 1910, on the one side, and the legatees under a will dated in 1914, on the other side; but the appeal from the judgment in that contest was not the appeal which the court held was only a devolutive appeal. In both wills the testatrix appointed the pastor of her church as executor; and the contest for the executorship,—no matter which will should prevail,—was between the

individual who was the pastor of the church when the will was made and the individual who was the pastor of the church when the testator died. The judge of the district court decided in favor of the latter pastor, and the former pastor appealed from the decision. His appeal from the judgment removing him from the office of executor of the will dated in 1910, and appointing the other pastor executor of the same will, was the appeal that was declared to be only a devolutive appeal. That decision, therefore, is not authority for the proposition that, when a testamentary executor takes a suspensive appeal from a judgment annulling the testament, the judgment goes into effect immediately in so far as it abolishes the office of executor.

In the Succession of Ledet, 169 La. 72, 124 So. 150, the court cited the Succession of Lefort, 139 La. 51, 71 So. 215, Ann.Cas. 1917E, 769, as being authority for the proposition that there is no distinction between a case where an executor is removed "for cause" and a case where the executor is removed "only because the will has been annulled." In the Succession of Lefort, supra, as we have explained, the will,—of which one individual was removed as executor and another individual was appointed executor,—was not annulled by the judgment appealed from. The executor of the will which was held valid was removed because he was held to be not the individual designated by the phrase "the priest of this church", and the other individual was appointed executor of the same will, because he was held to be the individual designated by the phrase "the priest

of this church." The declaration in the Succession of Ledet, supra, that, under article 1059 of the Code of Practice, no distinction should be drawn between a case where an executor is removed "for cause" and a case where the executor is removed "only because the will has been annulled", was not necessary for the decision that was rendered in the case, because the judgment which was appealed from by the executors in the Succession of Ledet, supra, did not only annul the will, at the instance of the widow of the testator, but also ordered the executors removed and appointed the widow administrator. The judge should not have removed the executors, or appointed an administrator, and it was unfortunate that the administrator so appointed was allowed to oust the executors while they were appealing from the judgment annulling the will; because, when the case came up on its merits, the judgment was reversed, the will was declared valid, and the demand of the widow to be appointed administratrix, etc., was rejected. See Succession of Ledet, 170 La. 449, 128 So. 273.

The decisions which we consider most appropriate to the present case are State ex rel. Marin v. Judge, 22 La.Ann. 23, 24, and State ex rel. Pearson v. Judge, 22 La. Ann. 61; which decisions were quoted with approval in State ex rel. Byrnes v. Sommerville, Judge, 110 La. 734, 34 So. 757, and again in Orleans-Kenner Electric R. Co. v. Metairie Ridge Nursery Co., 136 La. 968, 976, 68 So. 93, 96. In the Marin case and

the Pearson case, both reported in 22 La. Ann., the court observed that the reason for the exceptions made in articles 580 and 1059 of the Code of Practice was the necessity for having such judgments take effect immediately. Cessante ratione legis, cessat ipsa lex. In the Byrnes case the court said [110 La. 734, 34 So. 759]:

"The decisions quoted from 22 La.Ann., evidence the reluctance which our courts have always shown to ousting, through judicial proceedings, the possession of the property by one person, and placing it in the possession and control of another, in advance of final adjudication of the rights and obligations of the parties litigant." ·

██ Our conclusion is that, when a testamentary executor takes a suspensive appeal from a judgment annulling the testament, the judgment cannot have the effect of removing the executor or of abolishing his office unless and until the judgment is affirmed on appeal. If it were not so, a testamentary executor, as such, could not prosecute an appeal from a judgment annulling the testament. In this case there is no one else who could prosecute the appeal in the interest of the succession of the testatrix.

The motion to dismiss the suspensive appeal, or to have the appeal declared to be only a devolutive appeal, is overruled.

HIGGINS, J., absent.

ROGERS, J., concurs in the result.