## Succession of MOORE.
### No. 17301.

Court of Appeal of Louisiana. Orleans.
Jan. 9, 1940.

Daniel A. McGovern, Jr., of New Orleans, for appellant Mamie Holster Moore.

Theodore Cotonio, of New Orleans, for appellee William Patterson.

McCALEB, Judge.

Allen Moore died in the City of New Orleans on February 2, 1934. His succession was opened on April 4, 1938, and one William Patterson, claiming to be a nephew of the deceased, was appointed administrator of the estate. On May 23, 1938, Patterson, as administrator, filed a petition in the succession proceeding against David W. Coulon, who was at that time the qualified testamentary executor of the Succession of Mrs. Sallie Fowler, claiming the ownership of a certain piece of property which was in the possession of Coulon as executor of Mrs. Fowler's estate. He prayed that Coulon be commanded to deliver to him possession of the real estate and that a judgment be granted in favor of the Succession of Moore and against the Succession of Mrs. Fowler for the rental value of the property at the rate of $15 per month from February 2, 1934, until such time as possession was delivered. Counsel for Coulon accepted service of Patterson's petition and waived citation.

After the legal delays had expired for filing answer to the petition, Patterson obtained a default judgment against Coulon, as testamentary executor of the Succession of Mrs. Fowler, wherein it was decreed that the Succession of Moore was the owner of the real estate involved and it was further ordered that the Succession of Fowler be condemned to pay to the Succession of Moore the sum of approximately $750 for the use and occupancy of the premises from February 2, 1934. This judgment was signed on July 13, 1938.

Subsequent to the time Patterson obtained this judgment, he caused Coulon to be discharged as testamentary executor of the Succession of Mrs. Fowler and had himself appointed as dative testamentary executor of her estate.

On November 17, 1938, one Mamie Holster Moore, claiming to be the maternal granddaughter of Sallie Fowler and the residuary legatee of her estate, filed a petition in these proceedings for the nullity of the judgment rendered in favor of the Succession of Moore and against the Succession of Mrs. Fowler on the ground that it was obtained through mis-

representation and fraud. Patterson, who was made the sole party defendant to the suit, appeared and filed numerous exceptions to the petition. Among these exceptions was one of nonjoinder of necessary parties which was maintained by the lower court and leave was granted to Mamie Moore to amend her petition so as to bring all proper parties defendant before the court. All of the other exceptions filed by Patterson were overruled.

In obedience to the order of the court, a supplemental petition was filed on January 18, 1939, in which the following were named as parties defendant to the action: (1) William Patterson in his capacity as administrator of the Succession of Allen Moore and also as dative testamentary executor of the Succession of Sallie Fowler; (2) David W. Coulon as former testamentary executor of the Succession of Sallie Fowler; (3) William A. Wenck and James J. Landry, attorneys for David W. Coulon, and (4) Hugh Morrison who was attorney for Mamie Moore (plaintiff) at the time the default judgment in favor of the Succession of Moore and against the Succession of Fowler was rendered.

In due course, Patterson appeared and filed certain exceptions to the supplemental and amended petition which were referred by the court to the merits of the case. He thereafter joined issue by way of answer. None of the other defendants, viz: Coulon, Wenck, Landry and Morrison, appeared in defense of plaintiff's suit and the matter was tried in the lower court on the issue joined between Mamie Moore and William Patterson. After hearing the merits of the controversy, the district judge granted judgment "in favor of the defendant, William Patterson, and against the plaintiff, Mamie (Holster) Moore, rejecting the said plaintiff's demand at her cost". This judgment was rendered on July 11th and signed on July 15, 1939.

On August 14, 1939, during the vacation of the Civil District Court, Mamie Moore filed a petition and obtained an order for a devolutive appeal to this court from the adverse judgment. She prayed that a citation of appeal issue to the defendant, William Patterson, and, in accordance therewith, citation duly issued and service was made upon Patterson through his attorney of record.

Patterson now moves to dismiss the appeal on the following grounds:. (1) that he has been incorrectly cited as appellee in the case in that the citation which was issued and served upon him is addressed to him personally whereas he should have been cited in his capacity as administrator of the Succession of Moore and as dative testamentary executor of the Succession of Mrs. Fowler, and (2) that the appellant has failed to make the defendants, Coulon, Landry and Morrison, parties to the appeal.

The first objection interposed by appellee is entirely without merit. The judgment of the lower court is rendered in favor of Patterson individually without mention of the quality in which he defended the action and the appellant therefore properly cited him accordingly. Inasmuch as he was sued in a representative capacity, the judgment of the lower court, which is in his favor, should have designated the quality in which he obtained the award. Its failure to do so results, most probably, from an error on the part of the minute clerk of the Civil District Court and cannot be attributed to the appellant. Moreover, even if it were otherwise, the fact that the citation of appeal is addressed to Patterson individually and not in the capacity in which he was sued cannot be successfully advanced as a ground for the dismissal of the appeal. See Whitney Central Trust & Savings Bank v. Norton, No. 8609, see Louisiana and Southern Digest, Succession of Tyler, 192 La. 365, 188 So. 31, and Succession of Braud, 170 La. 411, 127 So. 885.

The second ground relied on by Patterson for the dismissal of the appeal is equally untenable. While he was successful in the lower court in having the judge order the appellant to join other parties to the proceeding, it is plain that he, as the qualified representative of the Successions of Moore and Mrs. Fowler, was the only proper party to the suit. The other defendants made no appearance below and are totally without interest in the outcome of the litigation.

We are unable to see any reason for the joinder of Messrs. Wenck, Landry and Morrison as party defendants to the case. They were merely acting as attorneys for parties at interest in the Successions of Moore and Mrs. Fowler and the appellant does not charge in her petition that they committed any act for which they would become personally responsible.

The same may be said with respect to Mr. Coulon who was formerly the

testamentary executor of the estate of Mrs. Fowler. At the time the present proceeding was filed, Coulon had been displaced as executor of Mrs. Fowler's succession and Patterson had been appointed as dative testamentary executor in his place and stead. His office was therefore functus officio.

The true test of the necessary parties to an appeal is: Has the party an interest that the judgment appealed from be maintained? See Ivy v. Lusk and Quarles, 11 La.Ann. 486. The only party, as shown by this record, who has any interest in the maintenance of the judgment of the district court is Patterson who is sued in his representative capacity as administrator of the Succession of Moore and as dative testamentary executor of the Succession of Mrs. Fowler.

For the reasons assigned, the motion to dismiss the appeal is denied.

Motion to dismiss denied.