On Application for Rehearing.
 

 PER CURIAM.
 

 Able counsel for appellant has filed an elaborate brief in support of his application for rehearing, in which he reiterates and stresses the major contentions made by him on first hearing, which were that erasures in an olographic testament are not considered as made unless approved in writing by the testator, and that parol testimony is not admissible to show such approval.
 

 He states in his brief that the jurisprudence as now established supports his contention that written approval of erasures in such testaments is necessary and that “the older cases of Succession of Muh, 1883, and Succession of Batchelor, 1896, which were never more than speculative and indecisive dicta”, have been swept aside by the later cases of Succession of Lefort, 139 La. 51, 71 So. 215, Ann.Cas. 1917E, 769, and Succession of Tallieu, 180 La. 257, 156 So. 345.
 

 Counsel says that his failure to cite the Lefort case in his original brief was an oversight, and now argues that, because of the ruling in that case alone, his application for a rehearing should be granted.
 

 After a most careful and earnest consideration of counsel’s application for rehearing and his brief filed in support of it, our final conclusion is that our opinion and decree are correct, and we adhere to them.
 

 In his application for rehearing, the major point discussed is precisely the same as that relied on at the first hearing, which point is concisely stated in his original brief as follows:
 

 “Revised Civil Code, particularly Article 1589, commands that testator approve in writing on will itself any erasures sought to be made; otherwise erasures are considered not made and language sought to be stricken out must be given effect.”
 

 Our opinion shows that we gave to that point the careful consideration which it deserved. We discussed it at great length and reached the conclusion that “the erasures in an olographic will need not be approved in writing by the testator and need not have his approval written on the face of the will itself”.
 

 In so ruling, we followed the cases of Succession of Muh and Succession of Batchelor. But counsel for appellant now says that the ruling in those cases has “been swept away” by the later cases of Succession of Lefort and Succession of Tallieu, supra. We discussed the Tallieu case and explained why the ruling there was not “appropriate to this case”.
 

 The Lefort case, on which counsel so strongly relies, does not support his con
 
 *138
 
 tention. The question whether erasures found in an olographic will are to be considered as not made unless approved in writing by the testator was not raised in the Lefort case and was not discussed in the opinion. The will considered there was alleged to have been dated May 26, 1913. The probate of it was opposed on the ground that the date was uncertain because it appeared that the figures “08” had been superimposed over the figures “13” in the year date of the will, so that it was uncertain whether the year date was “1908” or “1913”. The figures “19” in the year date were plain, but to the right of them was a blur or smear, which indicated that someone had attempted to change
 
 the
 
 last two figures. At the right of this disfigured year date and entirely separate from it were plainly written the figures “1913”. In the language of the court, the two main issues involved were these [139 La. 51, 71 So. 219, Ann.Cas.l917E, 769]: “Did the court err in permitting an expert in handwriting to testify in support of plaintiffs’ allegation that the figures T913’ were written by the testatrix, and that the figures ‘08’ had been written over the figures ‘13’ by a strange hand, and that the ‘13’ was in the hand of the testatrix?”, and “Were the figures ‘1913’ written by the testatrix?”
 

 It was held that the trial court did not err in permitting an expert in handwriting to state his opinion touching the first point involved, and, after considering all the testimony, the conclusion reached by the court was that the testatrix had written the figures “13” in the year date, and that the figures “08” had been superimposed over .them “by a strange hand”; and the court concluded also that the figures “1913” appearing at the right of the disfigured year date were written by the testatrix.
 

 Nothing was said about erasures in the original opinion. Erasures were mentioned for the first time in the opinion on application for rehearing, written by the judge ad hoc who wrote the prevailing opinion. What he said about erasures in the later opinion is construed by counsel to mean that the court intended to overrule, or, as he expresses it, “sweep aside”, the Muh and Batchelor cases. Here is what the court said:
 

 “Our observation has led us to conclude with the expert that the figures ‘08’ were superimposed upon the figures ‘13.’’ If we assume, with the plaintiffs, that they were so overcharged by the hand of another, they must be considered as not written. If, as argued by the defendants, they were written by the testatrix, then they must be considered as erasures. As such, they have not been approved by the testatrix, and they must be considered as not made. C.C. 1589 (1582). This leaves the figures ‘13’ under them in full force and effect.”
 

 No reference to erasures was made in the pleading or in the argument of counsel. The method of approving erasures by the testator was not an issue in the case. The Muh and Batchelor cases were not mentioned in either of the opinions written by the judge ad hoc. What he said about erasures in his opinion on application for rehearing was pure obiter dictum. But, even if not dictum, the ruling, if it may be considered as such, is not authority, for it cannot be assumed that the court intended to
 
 *140
 
 overrule the Muh and Batchelor cases without even mentioning them. Further-, more, the Lefort case was approved by only two members of this court. One of the members was recused, and the other two dissented.
 

 Rehearing refused.
 

 O’NIELL, C. J., adheres to his dissent.
 

 PONDER, J., takes no part.